# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2022-NMCA-013**

**Filing Date: November 2, 2021**

**No. A-1-CA-37662**

**KEVIN RAWLINGS,**

Petitioner-Appellee,

v.

**MICHELLE RAWLINGS,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Certiorari Granted, January 13, 2022, No. S-1-SC-39107. Released for Publication March 22, 2022.

Law Office of Jane B. Yohalem
Jane B. Yohalem
Santa Fe, NM

Erinna M. Atkins
Alamogordo, NM

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jocelyn Drennan
Albuquerque, NM

for Appellee

Durham, Pittard & Spalding, L.L.P.
Caren I. Friedman
Santa Fe, NM

Egolf + Ferlic + Martinez + Harwood LLC
Kristina Martinez
Santa Fe, NM

for Appellant

**OPINION**

**DUFFY, Judge.**

**{1}** The dispute in this appeal centers on the nature of the review required by Rule 1-053.2(H)(1)(b) NMRA, which states that "[i]f a party files timely, specific objections to the recommendations [of a domestic relations hearing officer], the court shall conduct a hearing appropriate and sufficient to resolve the objections. The hearing shall consist of a review of the record unless the court determines that additional evidence will aid in the resolution of the objections." Michelle Rawlings (Mother) argues that the district court erred in failing to hold a hearing on her objections to the domestic relations hearing officer's recommendations before entering the final decree of dissolution of marriage and division of assets, debts, and custody. We agree and reverse.

**BACKGROUND**

**{2}** In 2016, Kevin Rawlings (Father) filed a petition for the dissolution of his marriage to Mother. One of the disputed issues concerned the primary physical custody of the couple's two young children. After the parties separated in 2015, Mother moved with the children to Las Vegas, Nevada, and although Father apparently consented to the move, the parties dispute whether the move was intended to be permanent. In the divorce and custody proceedings, Father sought to have the children live with him full-time in Alamogordo.

**{3}** The district court referred the case to a domestic relations hearing officer for hearing and adjudication pursuant to Rule 1-053.2. The hearing officer conducted a day-long hearing on the merits and submitted his recommendations to the district court. Of note, the hearing officer recommended joint legal custody, but that the children should reside primarily with Father in New Mexico. Mother timely filed objections to the hearing officer's recommendations and requested a hearing on three issues, including child custody. Father filed a response to Mother's objections and asked the district court to adopt the hearing officer's recommendations.

**{4}** Without conducting a hearing, the district court entered a final decree that adopted the hearing officer's recommendations in full. The final decree made no reference to Mother's objections. Mother initially filed a motion to reconsider, arguing that the district court violated Rule 1-053.2(H) by entering the final decree without conducting a hearing and without making an independent determination of Mother's objections. Two days later, however, Mother withdrew the motion and filed a notice of appeal instead. Mother also submitted an emergency motion to stay enforcement of judgment pending appeal.

**{5}** The district court held a hearing on Mother's emergency motion to stay approximately three weeks later. The district court began the hearing by addressing the issue of Mother's objections, stating that it wanted to make a record with regard to the objections. The district court stated that it viewed the hearing requirement in Rule 1-053.2(H)(1)(b) as discretionary and had made a determination that a hearing was not

necessary to resolve the objections in this case. The court stated that it adopted the hearing officer's recommendations after reviewing the record and the parties' filings.

**{6}** After Mother's attorney made a brief record of why he believed a hearing was required, Father's attorney argued that the district court had, in fact, conducted a hearing pursuant to Rule 1-053.2(H)(1)(b) because the court had reviewed the record and made an independent determination to adopt the hearing officer's recommendations. Father characterized the omission as a clerical mistake and made an oral motion to amend the final decree pursuant to Rule 1-060(A) NMRA to reflect that the court had reviewed the objections, made an independent review of the record, and determined that an evidentiary hearing was not necessary. The district court agreed and granted Father's oral motion.

**{7}** The district court entered an amended final decree, which differed from the original decree only in that it stated the district court had "conducted an independent review hearing under [Rule] 1-053.2(H)(1)(b), which included proper review of [Mother's] Objections, an independent review of the record, an independent determination that an additional evidentiary hearing and oral argument was unnecessary," and that it "made an independent determination to approve and adopt the Recommendations of the Hearing Officer." The amended final decree also expressly denied Mother's objections. Mother appeals.

## DISCUSSION

**{8}** The issue presented in this appeal requires us to interpret a rule of civil procedure, a matter we review de novo. *See Becenti v. Becenti*, 2004-NMCA-091, ¶ 6, 136 N.M. 124, 94 P.3d 867. "We approach the interpretation of rules adopted by the Supreme Court in the same way that we approach the interpretation of legislative enactments, by seeking to determine the underlying intent[.]" *State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158. "We first look to the language of the rule, and if the rule is unambiguous, we give effect to its language and refrain from further interpretation." *Rodriguez ex rel. Rodarte v. Sanchez*, 2019-NMCA-065, ¶ 12, 451 P.3d 105 (alteration, internal quotation marks, and citation omitted). We also seek guidance from the rule's history and background, *see Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806, and when dealing with a rule that has been amended, as is the case with Rule 1-053.2, "the amended language must be read within the context of the previously existing language, and the old and new language, taken as a whole, comprise the intent and purpose of the statute or rule." *Rodriguez*, 2019-NMCA-065, ¶ 12 (internal quotation marks and citation omitted). "When the Supreme Court amends its rules, we presume it is aware of this Court's and its own existing interpretations of the rules and that it intends to change or clarify existing law governing procedural practice in state courts." *Id.*

## I. Rule 1-053.2

**{9}**    Rule 1-053.2 sets forth the procedure a district court must follow after receiving a domestic relations hearing officer's recommendations. The subsection of the rule at issue in this appeal was added in 2006 following this Court's decision in *Buffington v. McGorty*, 2004-NMCA-092, ¶¶ 29-30, 136 N.M. 226, 96 P.3d 787, which held that due process requires that parties be given an opportunity to submit objections to a hearing officer's report and recommendations and outlined the procedure for addressing them. We begin with an overview of our holding in *Buffington* as it informs our understanding of the subsequent amendments to the rule.

**{10}**    Before *Buffington*, Rule 1-053.2 addressed only the duties and powers of domestic relations hearing officers and "did not provide a means for a party who disagreed with the recommendations of the hearing officer to voice those objections to the judge who was to consider whether to adopt the recommendations." Rule 1-053.2 comm. cmt.; *see also Buffington*, 2004-NMCA-092, ¶ 30 (noting that the prior version of Rule 1-053.2 "contain[ed] no express provision giving the parties a right to object to the report and recommendations of the hearing officer"). We took issue with this aspect of the former rule, holding that "it is required that the parties be given an opportunity to submit objections to a hearing officer's report and recommendations. This is fundamental to the due process concept of having an opportunity to be heard by a judicial officer." *Buffington*, 2004-NMCA-092, ¶ 30.

**{11}**    *Buffington* also discussed the necessity of holding "a hearing on the merits of the issues before the [district] court, including the hearing officer's recommendations and the parties' objections thereto." *Id.* ¶ 31. While noting that the nature of the hearing and review to be conducted is discretionary, *Buffington* stated that "the record of the hearing held before the district court must demonstrate that the court in fact considered the objections and established the basis for the court's decision." *Id.* This process, the Court noted, "is implicit in the requirement of the Rule that all orders must be signed by a district judge before the recommendations of a domestic relations hearing officer become effective[,]" and serves two important functions. *Id.* (alteration, internal quotation marks, and citation omitted). First, "the parties are assured that the issues have been decided by a judge vested with judicial power." *Id.* (noting that "[t]he hearing officer assists the district court in determining the factual and legal issues, and the core judicial function is independently performed by the district judge"). Second, "an appropriate record is made to allow for appellate review of the district court's decision." *Id.*

**{12}**    The New Mexico Supreme Court subsequently amended Rule 1-053.2 and codified the common law requirements announced in *Buffington* as express provisions in the rule. Rule 1-053.2 now provides a comprehensive procedure for district court proceedings after the court receives the domestic relations hearing officer's recommendations. It states:

[T]he court shall take the following actions:

(1)    **Review of recommendations.**

(a) The court shall review the recommendations of the domestic relations hearing officer and determine whether to adopt the recommendations.

(b) If a party files timely, specific objections to the recommendations, *the court shall conduct a hearing appropriate and sufficient to resolve the objections.* The hearing shall consist of a review of the record unless the court determines that additional evidence will aid in the resolution of the objections.

(c) The court shall make an independent determination of the objections.

(d) The court may adopt the recommendations, modify them, reject them in whole or in part, receive further evidence, or recommit them to the domestic relations hearing officer with instructions.

(2) **Findings and conclusions; entry of final order.** *After the hearing*, the court shall enter a final order. When required by Rule 1-052 NMRA, the court also shall enter findings and conclusions.

Rule 1-053.2(H) (emphases added).

## II. The Hearing Requirement

**{13}** With this history in mind, we turn to the parties' competing interpretations of the hearing requirement in Rule 1-053.2(H)(1)(b). Mother argues that the rule plainly requires the district court to "conduct a hearing," a term that connotes a court session where the district court will hear arguments or take evidence. Father argues that a court session is not required and states that in some circumstances, "an appropriate hearing consists of a thorough review of the written record." The parties' differing views stem from the fact that they assign different meanings to Rule 1-053.2(H)(1)(b)'s second sentence—construing it either as a statement that the hearing need not be evidentiary, as Mother argues, or a definition of the term "hearing," as Father argues. As we explain, Mother's interpretation is the most plausible expression of the drafter's intent, and we adopt it here.

**{14}** We begin by examining the language used in the in Rule 1-053.2(H)(1)(b), giving the words their ordinary meaning. *See Flores v. Herrera*, 2016-NMSC-033, ¶ 8, 384 P.3d 1070. At the outset, we note that although the phrase "conduct a hearing" is ubiquitous in cases, statutes, and rules, we have found no authority construing or defining what it means generally. New Mexico courts have previously considered what it means to "hear" a case and have concluded that "the district court is not necessarily required to conduct an adjudicatory hearing in order to 'hear' a case, although it may if it so desires." *N.M. Transp. Dep't v. Yazzie*, 1991-NMCA-098, ¶¶ 11-12, 112 N.M. 615, 817 P.2d 1257 (evaluating what "shall hear the case" means according to NMSA 1978,

Section 66-8-112(G) (1991, amended 2015)). This Court noted in *Yazzie* that " '[h]earing' has been defined in older New Mexico decisions as every step where the judge is called upon to rule for or against any party." 1991-NMCA-098, ¶ 12. We drew the definition from *State ex rel. Shufeldt v. Armijo*, 1935-NMSC-078, 39 N.M. 502, 50 P.2d 852, *overruled on other grounds by Gray v. Sanchez*, 1974-NMSC-011, ¶ 12, 86 N.M. 146, 520 P.2d 1091, where the New Mexico Supreme Court evaluated whether an affidavit seeking to disqualify a district court judge was timely filed under the disqualification statute then in force. The statute required the affidavit to be filed at least ten days before the beginning of the court's term, "if said case is at issue." *Id.* ¶ 11 (emphasis and internal quotation marks omitted). The Court had previously interpreted the quoted phrase to mean "an action or proceeding to be tried *or heard*." *Id.* ¶ 12 (emphasis added) (internal quotation marks and citation omitted). The Court adopted a broad definition for "tried or heard," stating:

> A hearing is contemplated. Whether such hearing be on a motion, demurrer, plea, or answer is immaterial. It is a hearing on an "issue." In a broad sense, a hearing includes every step therein where the judge is called upon to rule for or against any party to the cause. It is the judicial examination of the "issue" in the broad sense that is contemplated by [the disqualification statute].

*Id.* ¶ 13. The Court then held that an affidavit is timely only if filed before the district court has made any ruling on any litigated or contested matter whatsoever in the case. *Id.* ¶ 14.

**{15}** In the few unpublished cases that have since applied this definition, none have considered what it means to "conduct a hearing," nor have they addressed a rule or statute that specifically requires the district court do so. *See Britton v. Off. of Att'y Gen.*, 2019-NMCA-002, ¶ 24, 433 P.3d 320 (stating that "[t]he general rule is that cases are not authority for propositions not considered"). We agree with Mother, however, that the common understanding of the phrase is that parties are afforded an opportunity to appear before the judge and present argument. That understanding finds support in both the legal and the nonlegal definitions of the term "hearing." *See Hearing*, *Black's Law Dictionary* (11th ed. 2019) (defining "hearing" as "[a] judicial session, [usually] open to the public, held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying"); *Hearing*, Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/hearing (last visited Sept. 28, 2021) (defining "hearing" as "listening to arguments"); *see also State v. Rogers*, 1926-NMSC-028, ¶ 24, 31 N.M. 485, 247 P. 828 (noting that "*Webster's New International Dictionary* defines 'hearing' as 'a listening to facts and evidence, for the sake of adjudication' "); *Lopez v. K. B. Kennedy Eng'g Co.*, 1981-NMCA-011, ¶ 5, 95 N.M. 507, 623 P.2d 1021 (collecting definitions of "hearing" from other jurisdictions, including that "[a] hearing ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue, in person or by counsel, as to the inferences flowing from the evidence" (internal quotation marks and citation omitted)).

**{16}** While the ordinary and usual meaning of a word or phrase is an important consideration in the construction of a rule, *Blue Canyon Well Ass'n v. Jevne*, 2018-NMCA-004, ¶ 9, 410 P.3d 251, we must determine whether our Supreme Court intended a different meaning in Rule 1-053.2(H)(1)(b)'s second sentence, which states, "The hearing shall consist of a review of the record unless the court determines that additional evidence will aid in the resolution of the objections." According to Mother, "[t]he second sentence of the rule implies that at the required hearing, the district court may decide whether to take evidence." Father acknowledges the same, writing that "[t]he [r]ule establish[ed] a presumption that new evidence need not be taken unless the district court finds that the particular circumstances . . . demand an evidentiary hearing." However, Father also argues that "[t]he [c]ommittee [c]ommentary makes clear . . . that the 'hearing' referred to in *Buffington* 'need not always consist of oral presentations before the court.' When written objections and responses have been submitted and the nature of the objections do not require either additional evidence or oral argument for their resolution, an appropriate hearing consists of a thorough review of the written record."

**{17}** The committee commentary states:

> Rule 1-053.2(H)(1)(b) . . . mandates a hearing to consider the recommendations and the objections. The *Buffington* [C]ourt noted that the nature of the hearing and review to be conducted by the district court will depend upon the nature of the objections being raised. Rule 1-053.2(H)(1)(b) . . . provides this flexibility but *creates a presumption that the hearing will consist of a review of the record rather than a de novo proceeding*. However, the court has discretion in all cases to determine that a different form of hearing take place, including a de novo proceeding at which evidence is presented anew before the court, or a hearing partly on the record before the hearing officer and partly based on the presentation of new evidence not before the hearing officer. *The required hearing need not always consist of oral presentations before the court*. When appropriate and sufficient to resolve the objections, the court may rely on written presentations of the parties. *See Nat[']l Excess Ins[.] Co. v. Bingham*, 1987-NMCA-109, ¶ 9, 106 N.M. 325, 742 P.2d 537 (noting that summary judgment motions may be resolved without oral argument "when the opposing party has had an adequate opportunity to respond to movant's arguments through the briefing process").

Rule 1-053.2 comm. cmt. (emphases added) (alteration, internal quotation marks, and citation omitted).

**{18}** Like the committee commentary, Father relies on *National Excess* as support for the proposition that oral argument is not required. For several reasons, we perceive a conflict in applying our holding in *National Excess* to interpret Rule 1-053.2(H)(1)(b). *See State v. Barber*, 2004-NMSC-019, ¶ 10 n.1, 135 N.M. 621, 92 P.3d 633 (stating that "committee commentary is not binding authority" and will yield to controlling authority in

the event of a conflict). *National Excess* dealt specifically with a motion for summary judgment under Rule 1-056 NMRA—a rule that contains no express requirement that the district court conduct a hearing to resolve the motion. Thus, our holding that "the court may, but is not required to, hold an oral hearing" posed no conflict with the rule itself. *Nat'l Excess Ins. Co.*, 1987-NMCA-109, ¶ 9. And while we used the term "oral hearing," there is nothing in our holding to suggest that the district court's review of the parties' written submissions somehow constituted a "hearing." *See id.* On the contrary, the authority we relied upon for our holding recognizes that a local federal rule "permits the trial judge to dispense with a hearing at his discretion." *Nolan v. C. de Baca*, 603 F.2d 810, 812 (10th Cir. 1979); *see also Shearer v. Homestake Mining Co.*, 557 F. Supp. 549, 556 (D.S.D. 1983) ("[Federal Rule of Civil Procedure] Rule 56(c) does not mandate a hearing, and one was not required when the file contains substantial legal memoranda and discovery matters, and when no request for a hearing was made prior to the ruling."). Consequently, our holding in *National Excess* does not stand for the proposition that a court can "conduct a hearing" by reviewing the written record; it stands for the proposition that in some circumstances, a hearing is not required at all. Given these distinctions, we are not persuaded that written objections filed pursuant to Rule 1-053.2(G) can or should be given the same treatment as a motion for summary judgment under Rule 1-056.

**{19}** Our own evaluation of the rule's language leads us to conclude that Father's interpretation would lead to an absurd result. If we were to construe the second sentence of Rule 1-053.2(H)(1)(b) to mean that a district court "conducts a hearing" by "conducting a review of the record," then the mandatory language in that sentence— "The hearing *shall* consist of a review of the record *unless* the court determines that additional evidence will aid in the resolution of the objections"—would mean that the district court cannot conduct anything other than a record review unless the court determines that an evidentiary hearing is necessary. This limitation would prevent the court from conducting more informal types of hearings where argument, but not evidence, is presented. Put differently, this interpretation would foreclose parties from appearing before their judge unless the court determines that an evidentiary hearing is necessary. Such an interpretation runs counter to the flexibility envisioned by this Court in *Buffington*, and we find no indication that our Supreme Court intended to curtail the district court's discretion in such a manner when it amended Rule 1-053.2(H).

**{20}** To be sure, interpreting Rule 1-053.2(H)(1)(b) to always require a hearing also constrains a district court's discretion, but that interpretation better aligns with the language and purpose of our holding in *Buffington* and the corresponding rule changes. At bottom, the procedural changes articulated in *Buffington* were designed to ensure that parties had an avenue to address objections to a hearing officer's report and recommendations with the district court. As this Court noted, hearing officers assist the district court in determining the factual and legal issues presented in domestic relations cases, but the core judicial function must always be performed by the judge. *Buffington*, 2004-NMCA-092, ¶¶ 30-31. Even so, by rule, domestic relations hearing officers may perform any duties assigned by the judges of the district in domestic relations proceedings, *see* Rule 1-053.2(A), and in practice, hearing officers may field *all*

hearings in domestic relations cases, up to and including the final merits hearing, as the two-and-a-half-year record in this case demonstrates. Rule 1-053.2(C). When *Buffington* articulated that parties have a right to raise objections to the hearing officer's recommendations with the district court, this Court also provided that the district court must conduct a hearing on the objections, thus ensuring that the parties have an opportunity to appear before the district judge at least once before the court reaches a final decision on contested matters. This allows the parties to engage with the judge directly during the final, critical stage of their case when the judge performs the "core judicial function" required by *Buffington*. 2004-NMCA-092, ¶ 31. This is not inconsequential when the objections involve matters of fundamental concern, such as custody of the parties' children or long-term financial obligations.

**{21}**   Viewed in this light, construing Rule 1-053.2(H)(1)(b) to require a hearing, rather than a file review, on objections to a hearing officer's recommendations in domestic relations cases is not unreasonable. Indeed, this sort of judicial session is precisely what this Court described in *Buffington* when we said that "[t]he district court must then *hold a hearing* on the merits" and that "*the record of the hearing held before the district court* must demonstrate that the court in fact considered the objections and established the basis for the court's decision"—statements that indicate a party's objections would be addressed on the record in a judicial proceeding. 2004-NMCA-092, ¶ 31 (emphases added).[1]

**{22}**   Ultimately, it is for the district court to determine the nature and the extent of the hearing so long as the court ensures, at a minimum, that the parties are permitted to appear on the record to address the merits of the objections. *Buffington*, 2004-NMCA-092, ¶ 31. As the committee commentary makes clear, the district court has inherent discretion to determine whether it will conduct the merits hearing de novo, whether new evidence may be introduced, or whether the hearing will simply consist of a less formal nonevidentiary, on-record proceeding.[2]

---

[1]The dissent disagrees with this analysis, concluding that the plain language interpretation of the term "hearing" is contrary to the intent and purpose of *Buffington* and imposes a "new requirement" that will result in delay and waste of judicial resources. On the first point, this Court in *Buffington* and our Supreme Court in Rule 1-053.2(H)(1)(b) used a specific and commonly understood term to describe the district court's duties after receiving objections—both Courts stated that the district court must "hold" or "conduct" a "hearing." If either Court had intended that a district court could rule based only on the parties' written submissions, they could have said so plainly using any number of other terms—such as that the district court shall "consider," "review," or even "hear" a party's objections—but they did not, and we must give effect to the specific language chosen by our Supreme Court and used in the rule.
The dissent's second point—that this Court is imposing a "new" requirement that will unduly burden the district courts' dockets—is grounded in the premise that district courts may not be conducting the type of proceedings described in this opinion already. The fact is, we have no data beyond the record in this case, and we are therefore in no position to determine whether the mandate in the current rule is impractical for the system as a whole. In our view, that determination is best made through the committee rulemaking process.
[2]Given our holding that a hearing is required by the rule itself, we need not address the parties' arguments regarding whether a hearing is otherwise required by due process considerations.

### III. The District Court Erred by Not Conducting a Hearing

**{23}** Turning to the proceedings at issue in this case, the parties do not dispute that the district court's initial final decree failed to comport with the requirements of Rule 1-053.2. The final matter we address is Father's contention that the October 1 hearing and the amended final decree corrected the problem.

**{24}** The October 1 hearing was noticed to address Mother's emergency motion for a stay. Before turning to that motion, the district court stated that it wanted to make a record with regard to the court's adoption of the hearing officer's recommendations. The district court stated first that Rule 1-053.2 did not require a hearing. The court then stated that it had reviewed the record, the hearing officer's recommendations, Mother's objections, and Father's response, and "made a determination that a hearing was not necessary . . . to resolve anything." The district court did not address the merits of Mother's objections or discuss the basis of its decision other than to say that "the objections really were a disagreement with what [the] hearing officer . . . ruled" and, more generally, that the court's review of the record supported the hearing officer's recommendations. *See, e.g.*, *Buffington*, 2004-NMCA-092, ¶ 31 (stating that the record of the hearing must establish the basis for the court's decision). The district court allowed Mother's attorney to make a record of why he believed a hearing was necessary but did not afford him the opportunity to substantively address the merits of Mother's objections.

**{25}** On the whole, the October 1 hearing did not function as a hearing on the merits of Mother's objections and was thus insufficient to satisfy the requirements of Rule 1-053.2(H)(1)(b) and *Buffington*, 2004-NMCA-092, ¶ 31. Because the hearing requirement is mandatory in Rule 1-053.2(H)(1)(b) and as a prerequisite to the court's entry of a final order, *see* Rule 1-053.2(H)(2) ("*After the hearing*, the court shall enter a final order." (emphasis added)), we reverse the district court's entry of both the initial and amended final decree.

**{26}** Further, because our holding on this issue is dispositive, we do not reach the remaining issues raised in Mother's appeal concerning the district court's jurisdiction to amend the final decree after Mother's notice of appeal and whether Mother received an adequate opportunity to object to the form of order. *See, e.g.*, *Living Cross Ambulance Serv., Inc. v. N.M. Pub. Regul. Comm'n*, 2014-NMSC-036, ¶ 1, 338 P.3d 1258.

### CONCLUSION

**{27}** We reverse the district court's entry of the initial and amended final decree of dissolution of marriage and division of assets, debts, and custody and remand this case to the district court to conduct a hearing on the merits of Mother's objections.

**{28}** IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**I CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KRISTINA BOGARDUS, Judge (concurring in part and dissenting in part)**

**BOGARDUS, Judge (concurring in part and dissenting in part).**

**{29}** Although I concur in the result of the majority opinion, I do so because I believe, based on the specific facts at issue, that the district court did not comply with Rule 1-053.2's requirement that the district court consider a party's objections and independently determine them. *See* Rule 1-053.2(H)(1)(b), (c). I write separately because I respectfully dissent from the majority's conclusion that the language of the rule requires an in-person hearing every time a party files objections to a domestic relations hearing officer's recommendations. In my view, the majority misreads the rule, gives little weight to the analysis in *Buffington*, 2004-NMCA-092, ¶¶ 31-32, and does not give sufficient consideration to a district court's broad discretion to manage its docket. The majority's construction of the rule in this case, a rule that has been in place for many years, will result in wasted judicial resources, increased costs to litigants, and cause needless delay in those cases in which a party's objections can easily be disposed of with review of the record without further oral argument by the parties. My opinion is also informed by the nature of domestic relations cases where delay caused by the necessity for an in-person hearing can be especially harmful in the context of child custody issues and may encourage gamesmanship among the parties.

## IV.     Reversing and Remanding Is Appropriate in This Case

**{30}** As the majority's opinion describes, the district court initially entered its order adopting the hearing officer's recommendations without comment and without reference to Mother's objections. There is no evidence in the district court's final decree that it considered and made an independent determination of Mother's objections at that time. After the hearing on Mother's emergency motion to stay the enforcement of judgment, the district court's amended final decree acknowledged Mother's objections but did not adequately establish its reasoned basis for denying the objections, because the amended final decree's only addition was to state that it complied with the requirements of Rule 1-053.2(H)(1)(b), without sufficiently demonstrating that the district court had performed the necessary judicial function of reviewing the objections, the record, and making an independent determination. *See Lujan ex rel. Lujan v. Casados-Lujan*, 2004-NMCA-036, ¶ 19, 135 N.M. 285, 87 P.3d 1067 (expressing "grave concern if . . . district judges are presented with stick noted orders that they automatically sign" (internal quotation marks omitted)); *see also Buffington*, 2004-NMCA-092, ¶ 31 (emphasizing that a district court exercises its core judicial function by considering a party's objections to a hearing officer's recommendations and establishing the basis for its decision before signing an order based on those recommendations). The district court's actions in this case provide sufficient basis for reversing and remanding for further proceedings

because the procedure followed by the district court did not comply with the applicable rule nor with the intent of *Buffington*. *See* Rule 1-053.2(H); *Buffington*, 2004-NMCA-092.

**{31}** The rule requires that the district court independently "review the recommendations of the domestic relations hearing officer and determine whether to adopt the recommendations." Rule 1-053.2(H)(1)(a). Although "[t]he nature of the hearing and review to be conducted by the district court will depend upon the nature of the objections being considered[,]" the district court must demonstrate that it reviewed the objections and arrived at a reasoned basis for its decision. *Buffington*, 2004-NMCA-092, ¶ 31. Because of the district court's failure in this regard, demonstrated by its initial lack of review and its cursory review in response to Mother's motion to reconsider, I agree with the majority's conclusion that reversing and remanding for a hearing to consider Mother's objections is appropriate.

**V.      Rule 1-053.2(H) Does Not Require an In-Person Hearing in Front of a Judge to Resolve a Party's Objections to Recommendations by the Hearing Officer**

**{32}** My fundamental disagreement with the majority's view is with its analysis of Rule 1-053.2(H)(1)(b), which, according to the majority, requires an in-person hearing to resolve a party's objections to a hearing officer's recommendations. The rule emphasizes that generally, once a party files timely and specific objections, the district court has broad discretion to decide the nature of the hearing necessary to resolve a party's objections to a hearing officer's recommendations. *See id.* ("[T]he court shall conduct a hearing *appropriate and sufficient* to resolve the objections." (emphasis added)). The rule continues by specifying that the hearing "shall consist of a review of the record[.]" *Id.* The plain language of these two clauses establish that the hearing must be "appropriate and sufficient," yet does not require in-person attendance of the parties. *Id.* The rule then explains that such an appropriate and sufficient hearing "shall consist of a review of the record unless the court determines additional evidence will aid in the resolution." *Id.*

**{33}** The majority contends that the rule's language restricts the district court's discretion so that an in-person hearing, for example, to entertain further legal argument, is foreclosed unless additional evidence is necessary to make its determination. I disagree that the clause is so limiting, when considered with the previous sentence that establishes the court's broad discretion to fashion the appropriate type of hearing necessary under the circumstances to resolve the objections. In my opinion, the limitation described by the phrase "shall consist of a review of the record" establishes that district court's review is limited to the record created by the hearing officer, that is, the evidence and argument on which the hearing officer based the recommendations.

**{34}** This portion of the rule contains no language that prohibits the district court from holding an in-person hearing, if it so chooses, to discuss the record before it and to consider the parties' arguments relating to the evidentiary record developed by the hearing officer, even if the district court determines that additional evidence is not

necessary. This construction of Rule 1-053.2(H)(1)(b) is also in harmony with another section, Rule 1-053.2(H)(1)(d), which grants the district court additional discretion to accept, modify, reject some or all, receive further evidence, or send all or some of the recommendations back to the hearing officer with instructions. In sum, Rule 1-053.2(H)(1) is crafted to allow the district court maximum flexibility in handling objections to a hearing officer's recommendations, whether that means relying solely on the parties' written submissions, setting an in-person hearing to entertain additional argument and/or obtain further evidence, modifying the hearing officer's recommendations, or by sending the recommendations back to the hearing officer for further proceedings. The rule's overall emphasis on judicial discretion is consistent with my interpretation that an in-person hearing is not required.

{35}    To read the rule as the majority does, that is, to require an in-person hearing in front of the judge any time objections are raised to a hearing officer's recommendations, fails to give sufficient weight to the broad discretionary power granted in the first sentence of Rule 1-053.2(H)(1)(b) and in Rule 1-053.2(H)(1) generally. Such discretion is vital in domestic relations matters in particular, given the reliance on hearing officers to consider and make recommendations on a number of issues throughout the progression of such cases, which typically have multiple, significant issues to decide. In this case, for example, before making the final recommendations on child custody, support, and property division, the hearing officer made recommendations to the court regarding a motion for bifurcation and reserving legal issues for trial and regarding a dispute over summer visitation. In even more complicated domestic relations cases than this one, the hearing officer's recommendations could be numerous and extensive, raising the possibility that many in-person hearings will be necessary to resolve objections, which will have an impact on the court's docket and the timeliness of scheduling hearings. Construing this rule as the majority does, in my view, is contrary to the intent of the rules governing civil litigation. *See* Rule 1-001(A) NMRA (noting that the rules of civil procedure are to be construed to "secure the just, speedy and inexpensive determination of every action").

{36}    My analysis of the rule is also consistent with the concerns raised and the analysis provided in *Buffington*, which recognized that flexibility in application of this portion of the rule is necessary when it noted that "[t]he nature of the hearing and review to be conducted by the district court will depend upon the nature of the objections being considered[,]" so long as the procedure used demonstrates to the parties "that the issues have been decided by a judge vested with judicial power and an appropriate record is made to allow for appellate review." 2004-NMCA-092, ¶ 31. Interpreting Rule 1-053.2(H)(1)(b) to require an in-person hearing every time objections are raised is contrary to *Buffington*'s support for a flexible procedure that should be tailored by the court to the particular situation.

{37}    The majority states that "[u]ltimately, it is for the district court to determine the nature and extent of the hearing, so long as the court ensures, at a minimum, that the parties are permitted to appear on the record to address the merits of the objections." Maj. Op. ¶ 22. Based on this interpretation, nothing prevents a district court, however,

from complying with this requirement by holding a very brief hearing, allowing the objecting party a minimal opportunity to state objections, and then rendering its decision. In that way, the new requirement created by the majority in this opinion would be satisfied, with little additional benefit to the parties, but with the attendant delay, expense, and use of resources associated with the requirement of holding an in-person hearing.

{38} For these reasons, I concur in the result only and respectfully dissent from the majority's analysis.

**KRISTINA BOGARDUS, Judge**