This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39994

**JARROD LOWREY,**

Petitioner-Appellant,

v.

**JENNIFER REGAN,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Cheryl H. Johnston, District Judge**

Jarrod Lowrey
Rio Rancho, NM

Pro Se Appellant

Monica D. Baca
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Appellant, who is self-represented, appeals from a district court order adopting a domestic hearing officer's report and extending a no-contact order for two years. We issued a calendar notice proposing to reverse and remand for the purpose of holding a hearing on Appellant's objections to the hearing officer's report. Appellee has filed a memorandum in opposition. Appellant has filed a memorandum in support and a motion to accept that response. The motion to accept Appellant's response is granted. We reverse and remand.

**{2}** The no-contact order is part of a broader dispute involving the parties' child, but the district court order and the underlying hearing officer's report are limited to the no-

contact issue. [RP 79, 94] Appellant has claimed that the district court's failure to hold a hearing on his objections was contrary to Rule 1-053.2 NMRA.

{3}     Our review of the record indicates that the district court issued its order without first holding a hearing. Rule 1-053.2(H)(1)(b) states that a district court "shall" hold a hearing on the filing of objections to a hearing officer's report. In *Rawlings v. Rawlings*, 2022-NMCA-013, ¶¶ 13-22, 505 P.3d 875, this Court recently interpreted this rule to require the district court to hold a hearing on the objections prior to the entry of the final order, although the nature of the hearing is left to the discretion of the district court. Because the district court did not hold a hearing that would satisfy Rule 1-053.2 and *Rawlings*, our calendar notice proposed to reverse the final order and to remand for the purpose of holding a hearing on Appellant's objections.

{4}     In her memorandum in opposition, Appellee asserts that *Rawlings* is distinguishable because in that case the district court "did not appear to review the record at all." [MIO 1] This alleged factual distinction is insufficient to overcome the holding of *Rawlings*, which rejected the view that a file review alone could satisfy the rule, and which required an actual hearing to be held. 2022-NMCA-013, ¶ 21. Because no hearing was held in this case, we reverse the district court order and remand for the purpose of holding a hearing.

{5}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**