This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39899**

**M.M. and Y.M.,**

 Petitioners-Appellees,

v.

**S. M.,**

 Respondent-Appellant,

and

**R.M.,**

 Respondent,

and

**STATE OF NEW MEXICO ex rel.
HUMAN SERVICES DEPARTMENT,**

 Intervenor.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Jane C. Levy, District Judge**

Armstrong Roth Whitley Johnstone
Meredith A. Johnstone
Albuquerque, NM

L. Helen Bennett
Albuquerque, NM

for Appellees

Law Office of Dorene A. Kuffer, P.C.
Dorene A. Kuffer
James P. Deacon

Daniel D. Walton
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}**     S.M. (Mother) appeals the district court's order denying her motion to revoke a 2015 kinship guardianship over H.M. (Child) that was granted to Child's paternal grandparents, M.M. and Y.M. (Guardians), according to the Kinship Guardian Act (KGA). We affirm.

**{2}**     In this memorandum opinion we develop the facts as they become necessary to our analysis, because the parties are familiar with the circumstances.

**DISCUSSION**

**{3}**     On appeal, Mother first argues that the district court failed to conduct a hearing on the hearing officer's recommendations. On May 5, 2022, this Court entered an order of limited remand for the district court to hold a hearing on Mother's objections as required by *Rawlings v. Rawlings*, 2022-NMCA-013, 505 P.3d 875, *cert. granted* (S-1-SC-39107 Jan. 13, 2022). The district court held a hearing on June 6, 2022, and entered an order (Order After Remand). We therefore do not consider this issue further. Mother additionally argues that the district court (1) failed to properly evaluate the best interests of Child and changes in circumstances, (2) refused to award visitation to permit Mother to establish a parent-child relationship, and (3) failed to give "proper weight to the parental presumption." We address each in turn.

**I.     The Evidence Did Not Require Revocation of the Kinship Guardianship**

**{4}**     We hold that the district court considered the necessary factors and that substantial evidence supported the determination that revoking the kinship guardianship was not in Child's best interest or supported by a change in circumstance. *See* NMSA 1978, § 40-10B-12(B) (2001) (requiring revocation of a kinship guardianship "[i]f the court finds that a preponderance of the evidence proves a change in circumstances and the revocation is in the best interests of the child"); *see also Hough v. Brooks*, 2017-NMCA-050, ¶ 30, 399 P.3d 387 ("While the best interests test is broad and vests the district court with considerable discretion, the exercise of discretion by the district court must be consistent with the evidence and statutory requirements." (alterations, omission, internal quotation marks, and citation omitted)).

**{5}**     In this context, the parties agree that "the best interests of the child" are evaluated by applying the factors set forth in NMSA 1978, Section 40-4-9(A) (1977).

This analysis requires the district court to "consider all *relevant* factors," including the following:

> (1)  the wishes of the child's parent or parents as to his custody;
>
> (2)  the wishes of the child as to his custodian;
>
> (3)  the interaction and interrelationship of the child with his parents, his siblings and any other person who may significantly affect the child's best interest;
>
> (4)  the child's adjustment to his home, school and community; and
>
> (5)  the mental and physical health of all individuals involved.

*Id.* (emphasis added). The evidence presented at the hearing supported findings that satisfied factors three, four, and five, which Mother now contests on appeal. Mother had been absent from Child's life since he was one year old, Child was seven years old at the time of the hearing, and Child never developed a parent-child bond with Mother and does not know Mother. Before court-ordered therapy sessions, Mother's only contact with Child was an unplanned encounter in 2018. In 2018, Mother moved to Virginia. The district court further found, and the evidence supported, that Child is "flourishing" in Guardians' care and Child's "school and important relationships are in New Mexico" and he has lived here his entire life. The district court found that Child's therapist believed that Child has no relationship with Mother and that it is in Child's best interest to remain with Guardians, and that although Mother was currently employed and sober, she waited over four years before making any attempt to have court-ordered contact with Child.

**{6}**  Mother argues that the district court improperly considered Child's best interests for two reasons. First, Mother argues that the district court failed to consider the mental and physical health of the individuals involved, *see* § 40-4-9(A)(5), "especially with respect to the advanced age of the [Guardians] and their actions in alienating the minor child from Mother." Mother points to nothing in the record demonstrating she presented evidence related to Guardians' "advanced age" and any negative impact on Child, and her argument is unpreserved and we decline to address the issue further. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). Second, Mother maintains that the district court failed to consider her contention that Guardians were allegedly "alienating" Child from Mother. At the hearing, Mother's attorney argued that Guardians alienated Child from Mother, and Mother's testimony could be understood to mean that she gave up trying to have contact with Child because of Guardians' actions. "[A]rguments of counsel are not evidence." *Richter v. Presbyterian Healthcare Servs.*,

2014-NMCA-056, ¶ 59, 326 P.3d 50 (internal quotation marks and citation omitted). Further, the hearing officer and the district court were free to reject Mother's testimony on this point. *See Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991. In the Order After Remand, the district court explicitly rejected the argument that Guardians "thwarted" Mother's contact with Child, and found instead that "Mother made some minimal efforts to see [Child] prior to 2018 but that she was addicted to drugs and [Guardians] acted appropriately when protecting [Child] from contact with Mother." Our review of the record demonstrates that this finding is supported by the evidence, and we therefore reject Mother's argument.

**{7}**      Mother also contends that (1) affirming the district court's best interest determination ignores the need for balance between Child's best interests and Mother's constitutional right to parent Child or the right to family integrity and (2) if Child's best interest "with the caregiver is given the greater weight" under the KGA, "parents are better off having the State take custody of their children and working a reunification plan" than proceeding under the KGA. In the Order After Remand, the district court rejected these arguments and noted that Mother failed to address (1) the conflict between the rights of Child and the parent; (2) the KGA requirement that the court look to the best interests of Child when considering revocation of a kinship guardianship; and (3) the evidence supporting the hearing officer and the guardian ad litem's (GAL) recommendation that revoking the kinship guardianship is not in Child's best interests. Similarly, on appeal, Mother fails to make any connection between the constitutional principles that she cites and the facts of this case, and she further outlines no bases on which to justify her concern that parents will allow their children to go into State custody and face termination of parental rights in order to avoid the provisions of the KGA. Under these circumstances, Mother has not met her burden as the appellant to establish error by the district court. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (noting that an appellate court presumes the correctness of the district court's decision and places the burden on the appellant to clearly demonstrate that the district court erred).

**{8}**      Mother additionally contends that the district court's finding of no "change in circumstance[s]" was "contrary to the evidence presented." For support, Mother relies on the evidence she presented to the hearing officer, but this Court does not reweigh evidence on appeal. *See Clark*, 2014-NMCA-030, ¶ 26. As the district court noted in the Order After Remand, Section 40-10B-12(B) requires revocation of a kinship guardianship if the preponderance of the evidence demonstrates that there has been a change in circumstances and that the hearing officer "appointed a guardian ad litem, held an evidentiary hearing, and correctly concluded that Mother failed to meet her evidentiary burden." The record demonstrates that at the time the kinship guardianship was implemented, Mother was drug addicted and the home was unstable. The hearing officer found that during her two years of sobriety, Mother attended only one addiction treatment meeting, submitted a diluted urinalysis, and did not seek custody of or contact Child until the State notified her that she would be required to pay child support. These findings support the conclusion that no change in circumstances required the revocation

of the kinship guardianship. For these reasons, we reject Mother's challenges to the district court's adoption of the hearing officer's findings.

## II.     The Findings About Contact Between Mother and Child Were Supported by the Evidence

**{9}**     Mother argues that the district court failed to award her with visitation so that she could "re-establish the parent-child relationship." The district court's Order After Remand notes that Mother's argument on remand was the first time Mother contended that the district had not ruled on her motion for visitation. Mother filed a motion for interim visitation in November 2020, the hearing officer recommended granting that motion in January 2021, and the district court adopted that recommendation in February 2021. Mother's motion to revoke was heard separately, even though the hearing officer's subsequent recommendation on revocation included findings related to contact between Mother and Child. Mother objected to those findings, and the district court adopted the hearing officer's recommendations. On appeal, Mother argues that these findings were unsupported or based on inadmissible evidence and prevent her from utilizing visitation to reestablish her relationship with Child. The district court, on the limited remand, correctly noted that it had not been asked to address visitation. Nevertheless, the original order and the Order After Remand addressed the evidence supporting the hearing officer's findings related to contact between Mother and Child. Like the district court, therefore, we do not address a nonexistent denial of visitation, but also like the district court, we do evaluate Mother's arguments related to the evidence supporting the hearing officer's findings.

**{10}**     Mother makes four challenges to the findings related to contact with Child.[1] First, Mother contends that the order denying revocation leaves both Child's therapist and Guardians without oversight from the court and does not adopt a visitation plan for Mother. We agree with the district court that it retains continuing jurisdiction to hear and decide issues that might arise, *see* NMSA 1978, § 40-10B-14 (2001), and we consider the argument no further. Second, Mother argues that expert testimony was necessary to connect Child's emotional responses to contact with Mother, but she failed to identify the portion of the record in which she preserved this argument. Third, Mother objected on hearsay grounds to the admission of the GAL's report as an exhibit at the hearing, but on appeal, she appears only to challenge "the GAL's hearsay testimony relating the

---

[1]Mother also contends that the visitation order imposes limits that are contrary to the KGA's purpose to preserve family unity. Prior to May 20, 2020, the policy and purpose of the KGA began: "It is the policy of the state that the interests of children are best served when they are raised by their parents. When neither parent is able or willing to provide appropriate care, guidance and supervision to a child, it is the policy of the state that, whenever possible, a child should be raised by family members or kinship caregivers." NMSA 1978, § 40-10B-2(A) (2001, repealed 2020). Mother filed the revocation motion on October 22, 2020. Mother does not acknowledge the Legislature's action in repealing the KGA's purpose statement. Instead, Mother cites a termination of parental rights case, *State ex rel. Child., Youth & Fams. Dep't v. John R.*, 2009-NMCA-025, ¶ 27, 145 N.M. 636, 203 P.3d 167, to establish the purpose of the KGA. We decline to attempt to discern the meaning of the Legislature's repeal absent arguments from the parties. *See Elane Photograph, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments.").

reports of [C]hild's therapist and [G]uardians." The GAL's report was made an exhibit, and one of the Guardians testified. The GAL read a letter from the therapist into the record without objection from Mother, and Mother points us to no objection to any specific hearsay testimony. Because Mother does not challenge on appeal the admission of the GAL's report in its entirety as an exhibit, the evidence was otherwise in the record, and the objection was largely unpreserved, we discern no error. And fourth, Mother argues that the lack of a "quantifiable visitation[]" plan will make it more difficult for Mother to oppose Guardians should they attempt to adopt Child, because her "consent can be implied" if she has had no contact with Child. We disagree. Mother speculates adoption is contemplated; points to nothing in the record denying her visitation with Child; and addresses only NMSA 1978, Section 32A-5-18(A) (1993), providing generally for the conditions in which consent will be implied, and ignores Section 32A-5-18(B), which prevents a court from implying consent absent notice and a hearing.

**{11}** The evidence supported the findings related to contact, and we reject Mother's factual and policy arguments to the contrary.

### III. We Decline to Consider Mother's Parental Presumption Argument

**{12}** Mother last argues that the presumption in favor of parental custody should extend to proceedings in which biological parents seek to revoke kinship guardianships and in her supplemental briefing, argues that the district court's Order After Remand also "fails to give proper weight to the parent presumption." For support, Mother cites *In re Zakai F.*, 255 A.3d 767 (Conn. 2020). Mother provides no legal analysis to factually or legally analogize her case to this out-of-state authority and offers no support for her position to extend the parental presumption to KGA revocation proceedings. Mother also does not direct us to the record to demonstrate that she raised this argument before the hearing officer or in her objections to the hearing officer's recommendations. Mother therefore failed to meet her burden as the appellant to demonstrate error in the district court's adoption of the hearing officer's recommendation and the finding that the hearing officer "correctly weighed the rights of each party involved." *See Aragon*, 1999-NMCA-060, ¶ 10.

### CONCLUSION

**{13}** For the reasons stated herein, we affirm the district court.

**{14} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**