This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40858**

**JARROD LOWREY,**

Petitioner-Appellant,

v.

**JENNIFER REGAN,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
Cheryl H. Johnston, District Court Judge**

Monica D. Baca
Albuquerque, NM

for Appellee

Jarrod Lowery
Rio Rancho, NM

Pro Se Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Petitioner, a self-represented litigant, appeals from the district court's order denying Petitioner's objections to the hearing officer's report upon remand from this Court's reversal for the district court's previous failure to hold a hearing pursuant to *Rawlings v. Rawlings*, 2022-NMCA-013, 505 P.3d 875, *cert. granted* (S-1-SC-39107, Jan. 13, 2022) (interpreting Rule 1-053.2(H) NMRA (2017). [1 RP 214-16]. Unpersuaded that Petitioner's docketing statement demonstrated error, we issued a notice proposing to affirm. Petitioner has responded with a memorandum opposing our proposal. We remain unpersuaded and affirm.

**{2}**     Petitioner's memorandum in opposition isolates and critiques various statements made in our notice but does not meaningfully challenge the grounds for proposing summary affirmance. To prevail on the summary calendar, a memorandum in opposition must correct any deficiencies in the docketing statement and establish errors of law and fact in the district court's ruling and in our proposed analysis; repeating earlier arguments does not fulfill an appellant's obligation. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. An appellant's docketing statement is intended to serve as a fair substitute for the complete record and complete briefing and should present clear legal issues with adequate facts and authorities to support them. *State ex rel. N.M. Highway & Transp. Dep't v. City of Sunland Park*, 2000-NMCA-044, ¶ 15, 129 N.M. 151, 3 P.3d 128; *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353; *see* Rule 12-208(D)(3)-(5) NMRA.

**{3}**     Applying the standards for appellate procedure to the current case, Petitioner was required to clearly and concisely explain: all relevant testimony or other evidence that was presented to the hearing officer at the pertinent hearing; the matters that were resolved by the hearing officer's report; the specific recommendations to which Petitioner objected; the legal and factual grounds for Petitioner's objections to those specific recommendations; and how Petitioner demonstrated below that those grounds constituted the error he claims on appeal. *See* Rule 12-208(D)(3)-(5) (requiring that the docketing statement contain a concise and accurate summary of all the facts and authorities relevant to the issues raised on appeal and a short and concise statement of the issues and how the issues arose and were preserved, without unnecessary detail, and disallowing general conclusory statements of error); *see also Talley*, 1985-NMCA-058, ¶ 23; *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (construing Rule 12-208(D) to include the requirement that the appellant provide all the facts that support affirmance). Petitioner's failure to set forth these matters was not a technical omission, as Petitioner suggests [MIO 1-2]; these are important, substantive obligations, upon which Petitioner's allegations of error needed to be predicated. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 (stating that appellate courts are under no obligation to review unclear or undeveloped arguments); *Clayton v. Trotter*, 1990-NMCA-078, ¶ 12, 110 N.M. 369, 796 P.2d 262 (explaining that this Court reviews pro se arguments to the best of its ability, but cannot respond to unintelligible arguments). Rather than complying with this Court's instructions, Petitioner challenged the Court to listen to the hearing of July 23, 2021. Petitioner appears to misunderstand that, at this juncture, this Court is not in possession of audio records or transcripts for any hearing below, and more fundamentally, that it is his obligation to demonstrate error in our proposed disposition and to provide a concise and accurate summary of the facts material to the issues on appeal. *See* Rule 12-208(D); Rule 12-210. Petitioner's memorandum in opposition did not cure these deficiencies or otherwise demonstrate error, as we explain below.

**{4}**     To the extent that Petitioner continues to raise issues challenging Respondent's credibility in various contexts, in an effort to attack decisions made below [MIO 2-3, 9-15], such credibility matters are beyond the scope of our review and do not demonstrate

grounds for error on appeal. *See Bustos v. Hyundai Motor Co.*, 2010-NMCA-090, ¶ 34, 149 N.M. 1, 243 P.3d 440 ("[A]rguments [that] only go to the weight of the evidence[ are] beyond the scope of our review."). Additionally, contrary to Petitioner's assertions [MIO 4-5], the testimony of a witness *is* evidence, and the testimony of a single witness may constitute sufficient evidence to uphold a decision, even if that witness's credibility has been placed in doubt. *See N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 23, 336 P.3d 436 ("It is the sole responsibility of the trier of fact to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistencies, and determine where the truth lies, and we, as the reviewing court, do not weigh the credibility of live witnesses." (alteration, internal quotation marks, and citation omitted)); *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333 (accepting the testimony of a single witness as constituting sufficient evidence to uphold a conviction). Significantly, Petitioner's filings in this Court have wrongfully omitted an objective summary of the pertinent facts and do not set forth the content of Respondent's testimony at the hearing or any other facts that formed the basis for the hearing officer's recommendations. *See* Rule 12-208(D)(3). Petitioner's failure to follow our rules impedes our ability to meaningfully assess the sufficiency of the evidence supporting the recommendations. And, for the reasons provided above, Petitioner does not persuade us that his credibility concerns with Respondent render the decisions made below legally insufficient.

**{5}** Relative to any evidence Petitioner requested the district court to consider after entry of the hearing officer's report, we note that the district court is given wide latitude in determining the nature and the extent of the hearing on the objections to the hearing officer's report, including whether to consider additional evidence. *See* Rule 1-053.2(H)(1)(b), (d) (2017); *Rawlings*, 2022-NMCA-013, ¶ 22. Petitioner insists that the district court should have taken judicial notice of the evidence of Respondent's lack of credibility in other cases. [MIO 9-10] However, he does not demonstrate that such evidence is relevant to the hearing officer's specific recommendations in the current case and would have changed the result, if judicial notice of the evidence had been taken. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alteration, internal quotation marks, and citation omitted)). For these reasons, we are not persuaded that Petitioner has demonstrated error in the district court's rejection of his objections to the hearing officer's report as they relate to the testimony presented.

**{6}** To the extent Petitioner complains there are Due Process and Supremacy Clause issues that are unresolved by our notice [MIO 4-5], we remain unpersuaded that Petitioner has *properly* presented us with such allegations of error. As we stated in our notice, Petitioner does not set forth an adequate factual or legal basis for a due process violation or other error. [CN 4] A due process inquiry is highly fact-dependent and must be adequately developed and preserved below in order to raise it on appeal. *See Moody v. Stribling*, 1999-NMCA-094, ¶ 45, 127 N.M. 630, 985 P.2d 1210 ("Due process claims are not exempt from the fundamental requirement of preservation."); *Mills v. N.M. State Bd. of Psych. Exam'rs*, 1997-NMSC-028, ¶ 19, 123 N.M. 421, 941 P.2d 502

("Procedural due process requirements are not static, and the extent of the hearing required is determined on a case by case basis . . . by weighing: (1) the private interest that will be affected by the action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the value of additional safeguards; and (3) the governmental interest in imposing the burdens of the procedure at issue."); *Gonzalez v. Gonzalez*, 1985-NMCA-071, ¶ 26, 103 N.M. 157, 703 P.2d 934 ("Due process considerations are flexible; a particular resolution of conflicting interests depends upon the situation."). Petitioner's conclusory constitutional assertions [MIO 4-8, 11-14, 16] omit relevant facts and application of those facts to the pertinent legal standards, and he does not demonstrate that they were raised and developed below. *See* Rule 12-208(D)(3), (4). Thus, Petitioner's constitutional arguments are not properly presented to us and do not demonstrate reversible error. *See Titus v. City of Albuquerque*, 2011-NMCA-038, ¶¶ 45-48, 149 N.M. 556, 252 P.3d 780 (refusing to address bare constitutional assertions without sufficient explanation of pertinent facts and how any relevant case law might support the appellant's position); *Pirtle v. Legis. Council Comm. of N.M. Legislature*, 2021-NMSC-026, ¶ 58, 492 P.3d 586 (stating that, as an appellate court, we rely on documents presented to us to "decide legal issues and avoid reaching out to construct legal arguments that the parties, intentionally or otherwise, have not presented").

**{7}** We emphasize to Petitioner that the mere assertion of error is not a sufficient showing of error that requires reversal. *See Aetna Fin. Co. v. Gaither*, 1994-NMSC-082, ¶ 15, 118 N.M. 246, 880 P.2d 857 (stating that the appellants' "bald assertion of error by the court is insufficient: simply alleging an abuse of discretion does not make it so." (alteration, internal quotation marks, and citation omitted)); *cf. Deaton*, 2004-NMCA-043, ¶ 31. Thus, Petitioner's assertions that portions of the record show judicial bias or some other due process violation—without providing us with a recitation of those portions of the record and without demonstrating how the record shows error under the relevant legal authority—are inadequate to show error. [MIO 14-15] *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that we presume correctness in the district court's ruling and hold the appellant to the burden of affirmatively demonstrating the claimed error); *Pirtle*, 2021-NMSC-026, ¶ 58; *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Talley*, 1985-NMCA-058, ¶ 23. We will not do the work of an advocate and search the record and the case law for potential factual and legal support for Petitioner's assertions of judicial bias and due process violations in order to construct legal arguments on his behalf. *See Pirtle*, 2021-NMSC-026, ¶ 58; *Muse*, 2009-NMCA-003, ¶ 72; *Talley*, 1985-NMCA-058, ¶ 23.

**{8}** For the reasons stated above and in our notice, we affirm the district court's order denying Petitioner's objections to the recommendations of the hearing officer.

**{9}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**