742 P.2d 537 (1987)
207 N.M. 325
NATIONAL EXCESS INSURANCE COMPANY, Plaintiff-Appellant,
v.
Charles F. BINGHAM, Defendant-Appellee.
No. 9355.
Court of Appeals of New Mexico.
August 13, 1987.
*538 Clinton W. Thute, Paul L. Civerolo, Civerolo, Hansen & Wolf, P.A., Albuquerque, for plaintiff-appellant.
Vernon W. Salvador, Albuquerque, for defendant-appellee.

OPINION
DONNELLY, Chief Judge.
Plaintiff appeals from an order granting summary judgment and dismissing its complaint seeking subrogation. Two appellate issues are presented: (1) whether the trial court erred in granting summary judgment; and (2) whether the trial court accorded plaintiff a reasonable opportunity to be heard. We reverse and remand.
Plaintiff, an insurance company, issued a policy of insurance to Jack Harlow, providing, among other things, coverage for property damage to an airplane owned by Harlow. Plaintiff's complaint alleged that its insured, Harlow, was piloting the aircraft on October 5, 1984, while receiving flight instruction lessons from defendant, Charles F. Bingham, and that defendant negligently failed to advise Harlow to lower the aircraft's landing gear prior to making an approach for landing. Plaintiff also alleged that as a result of the claimed negligence, its insured's aircraft was damaged in the amount of $9,861.44, and that it was entitled to $8,861.44 in subrogation for monies paid for repairs.
Defendant filed a motion for summary judgment contending that there were no existing issues of material fact. Plaintiff responded asserting that defendant's motion lacked any supporting affidavits and failed to specify the grounds upon which the motion was premised. Plaintiff also filed an affidavit of Jack Harlow in opposition to the motion for summary judgment.
At the motion hearing, defendant argued that under the terms of the insurance policy relied upon by plaintiff, defendant was acting as a flight instructor for Harlow, had Harlow's permission to assist in operating the aircraft and was, therefore, an "insured" under the terms of the insurance policy. After defendant concluded his initial argument, plaintiff's attorney stated to the court that the motion for summary judgment did not specify the ground for defendant's motion, that plaintiff had filed a written response to the motion seeking a more definite statement of the basis for the motion, and that defendant had not responded. At the hearing, plaintiff also stated that:
[W]hat we are asking for Your Honor, first of all is [to] deny the summary judgment and I'll get into that for grounds but alternatively to compel the Defendant to state upon what specific information, pleadings and discovery that he referred to in his motion that he is relying on for his motion for summary judgment, so that we can adequately prepare * * * I don't think that that's equitable for my client without [a] more definite statement upon which he relies [to respond to] his motion for summary judgment.
COURT: I'll grant your motion for summary judgment.
MR. THUTE: Your Honor, I hadn't finished yet with my presentation.
COURT: He's obviously covered under that policy as far as I can see.

*539 MR. THUTE: Will the court allow me to make my presentation?
COURT: No. You can take an appeal if you want to.
On appeal, plaintiff argues that at the time of the motion hearing, it was not fully apprised of the basis for defendant's motion and had sought clarification from defendant regarding the grounds for the motion. Plaintiff contends additionally that the trial court denied it the opportunity to adequately respond to defendant's argument, thus violating due process of law, and that a material issue of fact existed precluding summary judgment.
Defendant's motion for summary judgment recited as follows:
Defendant [moves for entry of] Summary Judgment * * * As grounds therefore, the Defendant respectfully states as follows:
1. There are no issues of fact or law remaining to be resolved by a Trial on the Merits, and Defendant is entitled to Summary Judgment based upon the Affidavits, Pleadings and Discovery of Record in this matter.
SCRA 1986, 1-007(B)(1) provides that motions "shall state with particularity the grounds therefor." See also United States v. Krasnov, 143 F. Supp. 184 (E.D. Pa. 1956); see generally 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1192 (1969). Where a party has timely alerted the trial court to the lack of specificity and difficulty in responding to a general motion, the trial court should carefully evaluate the prejudice which may result if the motion is heard or ruled upon without ordering further clarification of the grounds upon which the motion is premised.
The underlying purpose of Rule 1-007(B) is to inform a party of the basis for his opponent's motion. In Steingut v. National City Bank, 36 F. Supp. 486, 487 (E.D.N.Y. 1941), the court observed that, in considering a motion for summary judgment, courts should ensure compliance with Rule 1-007, otherwise the purpose and intent of the rule will be "whittled away and become meaningless." In ruling on a motion for summary judgment, a trial court, however, is not restricted to the ground specified in the motion. The trial court may enter judgment on a ground not mentioned in the motion where it appears that summary judgment is otherwise appropriate. Broderick v. Wood Prod. Co. v. United States, 195 F.2d 433 (10th Cir.1952); Board of Nat'l Missions of Presbyterian Church v. Smith, 182 F.2d 362 (7th Cir.1950). A party opposing summary judgment, however, should be accorded a fair opportunity to submit materials and to argue the propriety of the motion. See Santistevan v. Centinel Bank of Taos, 96 N.M. 734, 634 P.2d 1286 (Ct.App. 1980).
In considering a motion for summary judgment, the court may, but is not required to, hold an oral hearing. See Erco Indus. Ltd. v. Seaboard Coast Line R.R. Co., 644 F.2d 424 (5th Cir.1981); Spark v. Catholic Univ. of Am., 510 F.2d 1277 (D.C. Cir.1975); People in Interest of F.L.G., 39 Colo. App. 194, 563 P.2d 379 (1977); cf. United Nuclear Corp. v. General Atomic Co., 93 N.M. 105, 597 P.2d 290 (1979). Disposition of a motion for summary judgment, without oral argument, is appropriate when the opposing party has had an adequate opportunity to respond to movant's arguments through the briefing process. See Allied Chem. Corp. v. Mackay, 695 F.2d 854 (5th Cir.1983); Nolan v. de Baca, 603 F.2d 810 (10th Cir.1979) (parties briefed issues extensively, filed affidavits and stipulated facts); Shearer v. Homestake Min. Co., 557 F. Supp. 549 (D.S.D. 1983); cf. Cia Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404 (1st Cir.1985) (documentary material indicated only issue was question of law that had been adequately developed in briefs); Sarelas v. Porikos, 320 F.2d 827 (7th Cir.1963).
Due process considerations require notice of the proceedings and an opportunity to respond. United Nuclear Corp. v. General Atomic Co.; Parker v. United Airlines, Inc., 32 Wash. App. 722, 649 P.2d 181 (1982). Where the court relies upon oral argument as the means for responding to the motion for summary judgment, due process requirements compel that each party be permitted a reasonable opportunity to *540 be heard. See Carrigg v. Anderson, 167 Kan. 238, 205 P.2d 1004 (1949). Here, defendant's motion for summary judgment lacked supporting affidavits or any factual explanation for its basis. Defendant did not file any brief accompanying its motion and plaintiff was denied an opportunity to respond to the merits of the motion.
Plaintiff additionally contends that a material factual issue existed as to whether or not defendant was an employee of Morgan Aviation, and hence, was excluded from the policy of insurance, or whether defendant was hired directly by Harlow to provide flight instruction.[1] Defendant asserts he made a prima facie showing that he was entitled to summary judgment and thereby shifted the burden to plaintiff to establish the existence of a genuine material issue of fact. See Koenig v. Perez, 104 N.M. 664, 726 P.2d 341 (1986); SCRA 1986, 1-056(C). Defendant argues additionally that the primary issue before the court involved the interpretation of the insurance policy, and that summary judgment was proper because the facts before the court were clear and undisputed. See Sanders v. Smith, 83 N.M. 706, 496 P.2d 1102 (Ct.App. 1972). We disagree.
Resolution of whether defendant comes within the definition of an insured requires a determination as to whether defendant, at the time of the accident, was an employee of Morgan Aviation, and whether the latter was a flying school within the meaning of the exclusionary language contained in the insurance policy. A factual issue existed as to whether defendant came within the ambit of the exclusionary language of the policy and whether defendant was in fact an employee of Morgan Aviation or whether he was hired directly by plaintiff's insured. A reference appears in defendant's deposition indicating that a W-2 form was issued by his employer. The record, however, does not reveal the name of the entity that issued this form.
Summary judgment is not proper if equally logical but conflicting inferences can be drawn from the facts before the court. Fischer v. Mascarenas, 93 N.M. 199, 598 P.2d 1159 (1979); Pena v. New Mexico Highway Dept., Mountain States Mut. Ins. Co., 100 N.M. 408, 671 P.2d 656 (Ct.App. 1983). A party opposing a motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue of material fact exists. Skarda v. Skarda, 87 N.M. 497, 536 P.2d 257 (1975). Similarly, summary judgment is not appropriate when the facts before the court are insufficiently developed or where further factual resolution is essential for determination of the central legal issues involved. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207 (8th Cir.1976); Eby v. Reb Realty, Inc., 495 F.2d 646 (9th Cir.1974).
The order of summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
IT IS SO ORDERED.
FRUMAN and APODACA, JJ., concur.
NOTES
[1] The insurance policy contained a provision excluding as an "insured," "[A]ny person or organization or any agent thereof (other than any employee of the Named Insured while acting in the course of his employment by the Named Insured) engaged in * * * the operation of * * commercial flying service or flying school with respect to any occurrence arising out of * * * operations."