This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES IN ABS 2005-C, HOME EQUITY MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES in ABS 2005-C UNDER THE POOLING AND SERVICING AGREEMENT DATED SEPTEMBER 1, 2005,**

Plaintiff-Appellee,

v.                                                          **NO. A-1-CA-36753**

**EARNEST M. LUCERO a/k/a ERNEST M. LUCERO and CATHY I. LUCERO,**

Defendants-Appellants,

and

**THE STATE OF NEW MEXICO DEPARTMENT OF TAXATION & REVENUE,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Rose L. Brand & Associates, P.C.
Eraina Marie Edwards
Albuquerque, NM

for Appellee

Ernest M. Lucero and
Cathy I. Lucero
Las Vegas, NM

Pro Se Appellants

NM Taxation & Revenue Department
Elena Marie Romero Morgan
Santa Fe, NM

for Defendant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendants Ernest M. Lucero and Cathy I. Lucero (the Luceros), self-represented litigants, appeal from the district court's order granting Plaintiff Deutsche Bank National Trust Company's (the Bank) motion for summary judgment and order denying Defendants' motion to dismiss for lack of subject matter jurisdiction (Summary Judgment Order). This Court's calendar notice proposed

summary affirmance. [CN 1] The Luceros filed a memorandum in opposition to the proposed disposition. Not persuaded by the Luceros' arguments, we affirm.

{2}    The Luceros continue to argue that the Bank lacked standing to bring a foreclosure action because it did not prove physical possession of the note or right to enforce the note through either a proper indorsement or a transfer by negotiation and that the mortgage electronic registration system's (MERS) assignment of mortgage to the Bank was ineffective to establish the Bank's right to enforce the note. [MIO 1-6, 7-9] This Court proposed to conclude both that the Bank had the right to enforce the note and that it established ownership of the mortgage through proper assignments. *See Deutsche Bank Nat'l Tr. Co.v. Beneficial N.M. Inc.*, 2014-NMCA-090, ¶ 8, 335 P.3d 217 (stating that in order "to establish standing to foreclose, a lender must show that, at the time it filed its complaint for foreclosure, it had: (1) a right to enforce the note, which represents the debt, and (2) ownership of the mortgage lien upon the debtor's property").

{3}    Specifically, the calendar notice proposed to conclude that as holder of the note indorsed in blank at the time the complaint for foreclosure was filed, the Bank was entitled to enforce the note. [CN 4] *See* NMSA 1978, § 55-1-201(b)(21)(A) (2005) (defining "the holder of the instrument" entitled to enforce an instrument as "the person in possession of a negotiable instrument that is payable either to bearer or to

an identified person that is the person in possession"). The Luceros seemingly argue that because negotiation of the note does not occur until the indorsement payable to the bearer is made on the note, there is no indorsement specifically made to, i.e. naming, the Bank, and the Bank never signed the indorsement; absent an indorsement on the note made payable to the bearer, the Bank had no right to enforce the note because it did not account for possession of the unindorsed note by proving the transaction through which it acquired the note; and the Bank therefore failed to prove it acquired rights as holder of the note. [MIO 2, 6, 7] We disagree.

{4} At issue here was a blank indorsement, or signature without identifying the bearer. *See* NMSA 1978, § 55-3-205(b) (1992) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' "). "A blank indorsement, as its name suggests, does not identify a person to whom the instrument is payable but instead makes it payable to *anyone* who holds it as bearer paper." *Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 24, 320 P.3d 1 (emphasis added)). The Bank, as the bearer of the note indorsed in blank, is the holder of the note. *See* NMSA 1978, § 55-3-104(a)(1), (b), (e) (1992) (defining "negotiable instrument" as including a "note" made "payable to bearer or to order"); NMSA 1978, § 55-3-301 (1992) (defining "[p]erson entitled to enforce" a negotiable instrument); *see Romero*, 2014-NMSC-007, ¶ 21 (stating that a person is entitled to enforce a note

4

when they are the holder of the instrument). "When indorsed in blank, an instrument becomes payable to bearer and *may be negotiated by transfer of possession alone* until specially indorsed." NMSA 1978, Section 55-3-205(b) (2005) (emphasis added). In *Romero*, our Supreme Court clarified that the "blank indorsement . . . established the [b]ank as a holder because the [b]ank [was] in possession of bearer paper[.]" *Romero*, 2014-NMSC-007, ¶ 26. Accordingly, in the present case, the Bank established the right to enforce the note through a transfer by negotiation. *See* NMSA 1978, § 55-3-201(a) (" 'Negotiation' means a transfer of possession . . . of an instrument by a person other than the issuer to a person who thereby becomes its holder.").

{5}     The calendar notice further proposed to conclude that the Bank was the owner of the mortgage through proper assignment, as established by the assignments of mortgage attached to the complaint. [CN 6-7] The Luceros now argue that the assignments of mortgage were void due to errors and inaccuracies in those documents. [MIO 7] First, the Luceros assert that the 2008 assignment of mortgage identifies a foreign loan number of 1005916946, when in fact the correct loan number is 121468055, as identified on both the note and the mortgage; and that this material fact demonstrates an improper transfer and renders the assignment legally void. [MIO 8] Second, the Luceros assert that both the 2008 and 2013 assignments of mortgage

5

incorrectly identify the mortgage loan as recorded on July 6, 2007, and July 6, 2005, respectively, when it was in fact recorded on July 8, 2005. [MIO 8-9]

**{6}** The Luceros rely on an exhibit attached to their memorandum in opposition that appears to be a copy of the mortgage. [MIO PDF 15] While it appears to be a substantially true copy of the mortgage, the actual mortgage document filed in the record proper and considered by the district court is slightly different; it has slightly larger print and contains redactions not present in the attached exhibit. [Compare MIO PDF 15, with 1 RP 12] Similarly, the note and 2008 assignment of mortgage attached to the memorandum in opposition are also slightly different than what appears in the record proper. [Compare MIO PDF 14, with 1 RP 6; Compare MIO PDF 13, with 1 RP 32] "Reference to exhibits not in the record proper and not presented to the district court for consideration is improper and a violation of the Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 9, 145 N.M. 694, 204 P.3d 19. Nevertheless, the Luceros have not provided any authority, and we are aware of none, to support the contention that these assignments of mortgage, with proper identification of parties, are rendered void based on a reference to a recordation date that may be inaccurate. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{7}** Third, the Luceros contend that the 2009 assignment of mortgage is legally void because "IndyMac Federal Bank, FSB" is a separate, unknown entity from "IndyMac Bank, FSB" and "IndyMac Federal Bank, FSB" is not identified in the previous mortgage assignment nor on the original note or mortgage, and identifies an incorrect date of July 6, 2007, as the date the mortgage was recorded. [MIO 8-9] While there is a typographical error in the date, the document identifies the correct document number 200500939. [RP 33] In addition, the assignment of mortgage expressly states "IndyMac Federal Bank, FSB fka IndyMac Bank, F.S.B. " [RP 33], indicating the name the Bank was formerly known as in the previous 2008 assignment of mortgage. [RP 32] Consequently, we similarly conclude that the asserted errors do not render the assignments of mortgage void. *See Curry*, 2014-NMCA-031, ¶ 28.

**{8}** Lastly, in response to this Court's proposal to conclude that the Luceros failed to meet their burden to defeat summary judgment, they argue that they had previously filed a motion to dismiss but were never afforded a hearing at which to present evidence of the specific evidentiary facts at issue. [MIO 10-11] Regardless, as the party opposing summary judgment, the Luceros had the burden of "mak[ing] an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant." *Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 29, 294 P.3d 1276

7

(internal quotation marks and citation omitted). Their prior motion to dismiss, for which no evidentiary hearing was held, does not absolve them of that burden. To the extent they argue that they were never afforded a hearing to present evidence on the motion for summary judgment, "[i]n considering a motion for summary judgment, the court may, but is not required to, hold an oral hearing." *Nat'l Excess Ins. Co. v. Bingham*, 1987-NMCA-109, ¶ 9, 106 N.M. 325, 742 P.2d 537. The Luceros had the opportunity to respond in writing to the motion for summary judgment and to submit documentary evidence in support thereof. Absent an indication in the record that the party opposing summary judgment did not have an adequate opportunity to respond to the movant's arguments through the briefing process, the disposition of a summary judgment motion without oral argument is proper. *See id.*

{9}     For all of these reasons, and those stated in the calendar notice, we affirm the district court's Summary Judgment Order.

{10}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**

8

_____

**EMIL J. KIEHNE, Judge**