ROMERO V. CARVER

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**ADRIENNE ROMERO,**
**Petitioner-Appellant,**
**v.**
**JON CARVER,**
**Respondent-Appellee.**

Docket No. A-1-CA-37215
COURT OF APPEALS OF NEW MEXICO
May 31, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, Matthew J. Wilson, District Judge

**COUNSEL**

Law Office of Augustine M. Rodriguez, L.L.C., Augustine M. Rodriguez, Albuquerque, NM for Appellant

Denise E. Ready, Albuquerque, NM for Appellee.

**JUDGES**

JULIE J. VARGAS, Judge. WE CONCUR:  LINDA M. VANZI, Judge KRISTINA BOGARDUS, Judge

**AUTHOR:** JULIE J. VARGAS

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}**     Petitioner appeals from the district court's order adopting priority consultations as a court order. In this Court's notice of proposed disposition, we proposed to summarily affirm. Petitioner filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Petitioner continues to argue that the district court should have enforced a priority consultation order requiring Respondent to participate and erred in failing to hold an evidentiary hearing after both parties objected to the priority consultation recommendations, not appointing a guardian ad litem for her child, and not appointing an expert to discuss her alienation claim. Although Petitioner includes additional facts in her memorandum in opposition, and reference to analogous case law, she has failed to persuade this Court that the district court erred in its order or, consequently, that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** Moreover, upon further review of the record in this case, we are persuaded that the district court did not abuse its discretion and, instead, prioritized the best interests of the child. *See Lopez v. Lopez*, 1981-NMSC-138, ¶ 13, 97 N.M. 332, 639 P.2d 1186 ("Th[e] statute clearly makes it discretionary with the court as to whether . . . appointment of a guardian ad litem should be made."); *Parkhill v. Alderman-Cave Milling & Grain Co. of N.M.*, 2010-NMCA-110, ¶ 16, 149 N.M. 140, 245 P.3d 585 ("The admission of expert testimony or other scientific evidence is peculiarly within the sound discretion of the [district] court and will not be reversed absent a showing of abuse of that discretion." (alteration, internal quotation marks, and citation omitted)); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the plaintiff to clearly demonstrate that the trial court erred); *cf. Nat'l Excess Ins. Co. v. Bingham*, 1987-NMCA-109, ¶ 9, 106 N.M. 325, 742 P.2d 537 (reiterating that, in the summary judgment context, "the court may, but is not required to, hold an oral hearing").

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{5}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**KRISTINA BOGARDUS, Judge**