This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37513**

**GILBERT R. MARTINEZ,**

 Plaintiff-Appellant,

v.

**CITY OF GRANTS,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Pedro G. Rael, District Judge**

Domenici Law Firm, P.C.
Pete Domenici, Jr.
Reed C. Easterwood
Albuquerque, NM

for Appellant

Law Offices of Gregory Pelton LLC
Gregory V. Pelton
Colorado Springs, CO

for Appellee

## DECISION

**DUFFY, Judge.**

**{1}** Plaintiff Gilbert R. Martinez appeals from the district court's grant of summary judgment in favor of Defendant City of Grants on the basis that res judicata precluded Plaintiff's claims. We affirm.

**{2}** Plaintiff owns 16.982 acres of land within the Mount Taylor subdivision, located just outside the City of Grants in Cibola County, New Mexico. The City operated a wastewater treatment facility and when the City began the process of renewing its

ground water discharge permit, landowners in the Mount Taylor Subdivision complained of high groundwater problems on their property caused by the construction of a detention center on nearby property. In March 2009 the complaining landowners entered into a settlement agreement with the City that required the City to construct a groundwater alleviation project (the GAP), which is an underground passive drain system that collects ground water and conveys it to a discharge point on three acres of Plaintiff's property. Plaintiff was not a party to that settlement.

{3}    Plaintiff filed the instant lawsuit against the City months after the settlement, in October 2009, claiming that the City had saturated his property on fifteen or more acres with wastewater from the treatment facility and had trespassed by drilling monitoring wells on Plaintiff's property without permission. The record shows that essentially no action was taken in this case until November 2015, when Plaintiff moved to amend his complaint to add claims for inverse condemnation and injunctive relief.

{4}    In the interim, the City filed a separate lawsuit in June 2011 to condemn three acres of land on Plaintiff's property for the GAP. Plaintiff filed a counter-petition for inverse condemnation in that case, arguing that all 16.982 acres of his property had been taken by Defendant. In 2014, the district court ruled on those claims, finding in relevant part that Plaintiff did not meet his burden of proving that the GAP or the treatment facility affected his full 16.982 acres. The district court condemned three acres of Plaintiff's property and awarded Plaintiff $30,000 for the three acres and an additional $7,500 in compensation for the diminished value to the remaining property.

{5}    After judgment was entered in the City's condemnation lawsuit, Plaintiff amended his complaint in this action to include allegations that the GAP had rendered the remaining 13.982 acres of his property unusable. The City filed a motion for summary judgment, arguing that Plaintiff's claims were barred by res judicata. The district court granted Defendant's motion for summary judgment and dismissed Plaintiff's claims for inverse condemnation and injunctive relief.

{6}    On appeal, Plaintiff argues that the district court erred by granting Defendant's motion for summary judgment because, according to Plaintiff, the adverse effects of the GAP on Plaintiff's property were unknown during the course of the previous condemnation lawsuit. Based on this contention, Plaintiff's briefing centers on the last of the four elements necessary to establish res judicata: whether both suits involved the same cause of action or subject matter. *See Potter v. Pierce*, 2015-NMSC-002, ¶ 10, 342 P.3d 54 (stating that the party asserting res judicata must establish that "(1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits"). "We review a grant of summary judgment de novo." *Id.* ¶ 8. Likewise, "[w]hether the elements of claim preclusion are satisfied is a legal question, which we also review de novo." *Id.* (alteration, internal quotation marks, and citation omitted).

{7}    The "central issue" presented to the district court was whether there was a new cause of action in the present case or whether it was the same cause of action raised in

the prior case. The district court evaluated the same arguments raised by Plaintiff on appeal: whether claims related to discharge from the GAP were or could have been raised or adjudicated in the prior trial, or whether instead, Plaintiff was raising new allegations involving additional acreage and new and unanticipated damage since the prior case went to trial. The district court issued a thirteen-page letter order setting out its reasoning, which provided a detailed account of the prior inverse condemnation judgment and substantial legal analysis in support of its decision.

**{8}**     The district court correctly noted that New Mexico applies the transactional approach to analyzing the single-cause-of-action element, *Potter*, 2015-NMSC-002, ¶ 11, and that "[o]ur application of [res judicata] does not depend upon whether the claims arising out of the same transaction were actually asserted in the original action, as long as they could have been asserted." *Armijo v. City of EspaƵola*, 2016-NMCA-086, ¶ 14, 382 P.3d 957 (internal quotation marks and citation omitted). Applying that standard, the district court observed that Plaintiff had filed a counter-petition in the prior lawsuit claiming that the City had taken his entire tract by inverse condemnation as a result of flooding, including all of the 16.982 acres at issue in this lawsuit, and that Plaintiff's claim that the flooding was caused by the GAP was fully litigated in the prior bench trial. As the district court noted, the findings and conclusions from the prior condemnation trial included a specific finding that Plaintiff "did not meet his burden of proving his inverse condemnation claim with regard to the taking of the remainder of the 16.982 acreage as a result of the City of Grants' groundwater passive drain alleviation project."

**{9}**     On appeal, Plaintiff does not dispute that the GAP was completed a year before the prior condemnation case went to trial—only whether its effects were known before the prior condemnation suit went to trial. However, the district court noted that "the prior trial dealt with the issue of, and Plaintiff claimed, that the *entire* tract was taken, not only the three acres," and that the "sources of the damaging water were tried; the type of damaging water was tried; the extent of damage was tried; the growth of various plants was mentioned as an indicator of type of water; [and] causation was tried as to whether the City was responsible in the prior case[.]" The district court concluded that "Mr. Martinez had a full and fair trial on all issues, including damages and a trial in every conceivable way as to how they may have arisen, if any existed."

**{10}**     Plaintiff also argues on appeal that the district court's failure to hold an oral argument on Defendant's summary judgment motion invalidates the ruling and requires reversal and remand. This Court has held that "[i]n considering a motion for summary judgment, the court may, but is not required to, hold an oral hearing." *Nat'l Excess Ins. Co. v. Bingham*, 1987-NMCA-109, ¶ 9, 106 N.M. 325, 742 P.2d 537. "Disposition of a motion for summary judgment, without oral argument, is appropriate when the opposing party has had an adequate opportunity to respond to movant's arguments through the briefing process." *Id.* Because Plaintiff filed a written response to the motion for summary judgment and, after the initial ruling, filed a motion for reconsideration with briefing, oral argument was not required.

**{11}** Having carefully reviewed the briefing on appeal, the relevant law, and having conducted a whole record review of the proceedings below, we adopt and affirm the reasoning set forth in the district court's order granting summary judgment.

**CONCLUSION**

**{12}** We affirm.

**{13}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**