The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: February 19, 2024

**NO. S-1-SC-39107**

**KEVIN RAWLINGS,**

Petitioner-Petitioner,

v.

**MICHELLE RAWLINGS,**

Respondent-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Angie K. Schneider, District Judge**

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jocelyn C. Drennan
Albuquerque, NM

Erinna Marie Atkins
Alamogordo, NM

for Petitioner

Durham, Pittard & Spalding, LLP
Caren I. Friedman
Justin R. Kaufman
Rosalind B. Bienvenu
Santa Fe, NM

Egolf Ferlic Martinez Harwood LLC

Kristina Martinez

Santa Fe, NM

for Respondent

**OPINION**

**THOMSON, Justice.**

**I.     INTRODUCTION**

{1}     Rule 1-053.2(H) NMRA instructs district court judges and litigants on the required procedure following receipt of the domestic relations hearing officer's recommendations. This case answers whether Rule 1-053.2 NMRA (2017)[1] requires a district court to hold an in-person hearing to resolve a party's objections to the hearing officer's recommendations in a domestic relations proceeding. Additionally, this case clarifies the district court's requirement to set forth a reasoned basis for its resolution of these objections. *See Buffington v. McGorty*, 2004-NMCA-092, ¶ 31, 136 N.M. 226, 96 P.3d 787 ("[T]he record of the hearing held before the district court must demonstrate that the court in fact considered the objections and established the basis for the court's decision.").

---

[1]The events relevant to this appeal occurred prior to this Court's approved amendment to Rule 1-053.2, effective December 31, 2022, which makes clear that an in-person hearing is not required. Rule 1-053.2(H)(2)(a). Therefore, further reference in this opinion is to Rule 1-053.2 (2017) (taking "effect[] for all cases pending or filed on or after December 31, 2017"). This 2017 version is also identified as "the Rule" throughout this opinion.

{2}     Having granted Father's petition for certiorari, we conclude the language of Rule 1-053.2 (2017) does not require a district court to hold an in-person hearing. In addition, we conclude that the district court set forth a reasoned basis for resolving Mother's objections to the hearing officer's recommendations when it independently reviewed the record and adopted, modified, or rejected the hearing officer's recommendations in the final order. Further, the district court complied with Rule 1-060(A) NMRA in exercising jurisdiction to clarify the record and amend the final decree while this case was on appeal.

## II.     BACKGROUND

{3}     Kevin Rawlings (Father) and Michelle Rawlings (Mother) separated in November 2015. Mother moved from Alamogordo, New Mexico, to Las Vegas, Nevada, with the parties' two young children. Father filed a petition for dissolution of marriage on January 26, 2016. Among their many disputes, the parties disagreed about who should have the primary physical custody of the children. The district court referred the case to a domestic relations hearing officer. The hearing officer reviewed evidence and heard argument on all disputed issues, including issues relating to physical custody of the children, before filing a recommendation on the merits, which included detailed findings and conclusions. The hearing officer determined that "Joint Legal Custody [wa]s proper in this case" and that it was "in

the best interest of the . . . children to reside primarily in New Mexico with [Father]." Within ten days, Mother's filing in response raised over forty objections to the hearing officer's recommendations, along with additional evidence, and requested a hearing on her objections with the district court. Father filed a response and asked the court to adopt the recommendations and enter a final decree of dissolution of marriage and division of assets, debts and custody.

{4} The district court did not hold an in-person hearing on Mother's objections and instead entered a final decree of dissolution of marriage that generally adopted the hearing officer's recommendations. The final decree did not address Mother's objections. Mother filed a notice of appeal and a motion to stay enforcement of the judgment pending appeal. At a hearing on the motion to stay, the district court explained the court's resolution of Mother's objections on the record stating,

> I wanted to make a record . . . with regard to the objection and to my adopting the recommendations . . . . While I am required to review the recommendations and make an independent determination of whether or not I'm going to adopt those recommendations, I don't read [Rule 1-053.2 (2017)] to require a hearing. I read the Rule to require a hearing . . . if I deem it is necessary to resolve the objections. And in my review of the record and my independent review of the recommendations . . . , and the objections filed and the response . . . , I made a determination that a hearing was not necessary for me to resolve anything. And so I adopted [the hearing officer's] recommendations. . . . I felt that the objections really were a disagreement with what [the hearing officer] ruled. . . . I felt I needed to make that record clear for the parties, for counsel, for the higher court.

3

{5} Father suggested that an in-person hearing is not required and that the district court conducted a hearing according to the Rule when the court independently reviewed the record and adopted the hearing officer's recommendations. Father requested the filing of an amended final decree that would reflect the court's compliance with Rule 1-053.2 (2017) and orally moved the court to amend the final decree under Rule 1-060(A), arguing that the omission of the court's process for resolving objections in the final decree was a "clerical mistake." Following the hearing, the district court denied Mother's motion for stay, granted Father's oral motion to amend the final decree, and entered an amended final decree. The amended final decree added that the court

> conducted an independent review hearing under [Rule] 1-053.2(H)(1)(b) [(2017)], which included proper review of [Mother's] Objections, an independent review of the record, an independent determination that an additional evidentiary hearing and oral argument was unnecessary, and the Court . . . made an independent determination to approve and adopt the Recommendations of the Hearing Officer.

The amended final decree also denied Mother's objections. Mother appealed.

{6} The Court of Appeals reversed the district court's initial and amended final decree, concluding that the district court judge did not comply with Rule 1-053.2 (2017), *Rawlings v. Rawlings*, 2022-NMCA-013, ¶¶ 1, 27, 505 P.3d 875, and asserting two grounds for error. First, the Court's majority held that the Rule

4

mandated an in-person hearing. *Id.* ¶¶ 15, 25. Second, because it did not hold an in-person hearing and in the majority's view "did not address the merits of Mother's objections or discuss the basis of its decision," the district court failed to "satisfy the requirements of Rule 1-053.2(H)(1)(b) and *Buffington*." *Rawlings*, 2022-NMCA-013, ¶¶ 24-25. The Court of Appeals majority did not address Mother's due process arguments. *Id.* ¶ 26.

{7}     The Court of Appeals dissent agreed that the district court did not adequately establish its reasoned basis for denying Mother's objections and concurred with reversing and remanding for further proceedings. *Id.* ¶ 30 (Bogardus, J., dissenting). However, the dissent disagreed with the majority's reading that Rule 1-053.2 (2017) mandates an in-person hearing and concluded that only an independent record review is required. *Rawlings*, 2022-NMCA-013, ¶¶ 32-33 (Bogardus, J., dissenting) (explaining that the district court has broad discretion to decide the nature of the hearing necessary to resolve a party's objections). The dissent cautioned that the majority's ruling "will result in wasted judicial resources, increased costs to litigants, and cause needless delay in those cases in which a party's objections can easily be disposed of with review of the record without further oral argument." *Id.* ¶ 29 (Bogardus, J., dissenting).

5

## III. DISCUSSION

### A. The District Court's Amended Decree Was Not Contrary to Rule 1-053.2 (2017) or *Buffington*

#### 1. Rule 1-053.2 (2017) Does Not Require an In-Person Hearing

{8} "[I]nterpretations of rules of procedure adopted by this Court [are reviewed] *de novo*." *State v. Stephen F.*, 2006-NMSC-030, ¶ 7, 140 N.M. 24, 139 P.3d 184. Rule 1-053.2 (2017) discusses not only the duties of hearing officers but also what procedures govern domestic relations hearing officer recommendations, any party objections, and district court review of the recommendations. Subpart (H) specifically instructs judges and litigants on the required procedure following their receipt of the domestic relations hearing officer's recommendations.

{9} Rule 1-053.2(H) (2017) provides:

> **District court proceedings.** After receipt of the recommendations of the domestic relations hearing officer, the court shall take the following actions:
>
> (1) **Review of recommendations**.
>
> (a) The court shall review the recommendations of the domestic relations hearing officer and determine whether to adopt the recommendations.
>
> (b) If a party files timely, specific objections to the recommendations, the court shall conduct a *hearing* appropriate and sufficient to resolve the objections. The *hearing* shall consist of a review of the record unless the court determines that additional evidence will aid in the resolution of the objections.

6

(c) The court shall make an independent determination of the objections.

(d) The court may adopt the recommendations, modify them, reject them in whole or in part, receive further evidence, or recommit them to the domestic relations hearing officer with instructions.

(2) **Findings and conclusions; entry of final order.** After the *hearing*, the court shall enter a final order. When required by Rule 1-052 NMRA, the court also shall enter findings and conclusions.

Rule 1-053.2(H) (2017) (emphasis added).

{10} The Court of Appeals majority adopted Mother's interpretation of Rule 1-053.2 (2017) that "the common understanding of the phrase [conduct a hearing] is that parties are afforded an opportunity to appear before the judge and present argument." *Rawlings*, 2022-NMCA-013, ¶¶ 13, 15 (citing "legal and the nonlegal definitions of the term 'hearing'"). The majority further concluded that Father's interpretation would lead to an absurd result because it would mean that a district court "cannot conduct anything other than a record review unless the court determines that an evidentiary hearing is necessary." *Id.* ¶ 19. The majority held, "it is for the district court to determine the nature and the extent of the hearing so long as the court ensures, at a minimum, that the parties are permitted to appear on the record to address the merits of the objections." *Id.* ¶ 22. However, we agree with the dissent that the plain language of Rule 1-053.2 (2017) only requires a record review. *Rawlings*, 2022-NMCA-013, ¶ 32 (Bogardus, J., dissenting).

{11}    Commentary by the rules committee reflects the district court's ability to resolve objections and the presumption that the "hearing" will take the form of a record review. Under the subheading, "Objected-to recommendations," the committee commentary stated,

> The *Buffington* court noted that "the nature of the hearing and review to be conducted by the district court will depend upon the nature of the objections being raised." *Buffington*, 2004-NMCA-092, ¶ 31. Rule 1-053.2(H)(1)(b) NMRA provides this flexibility but creates a presumption that the hearing will consist of a review of the record rather than a de novo proceeding. However, the court has discretion in all cases to determine that a different form of hearing take place, including a de novo proceeding at which evidence is presented anew before the court, or a hearing partly on the record before the hearing officer and partly based on the presentation of new evidence not before the hearing officer. *See id.* The required hearing need not always consist of oral presentations before the court. When appropriate and sufficient to resolve the objections, the court may rely on written presentations of the parties.

Rule 1-053.2 NMRA (2017) comm. cmt. (brackets omitted).

{12}    In *Buffington*, the Court of Appeals addressed a father's challenge to a district court's automatic adoption of a domestic relations hearing officer's recommendations for child support obligations. 2004-NMCA-092, ¶¶ 17-19. The *Buffington* Court concluded that this kind of automatic adoption, without consideration of father's and mother's objections, was contrary to the requirements

8

of Rule 1-053.2 (1998).[2] *Id.* ¶¶ 17-18, 32. The Court emphasized the importance of providing parties meaningful opportunity to be heard "by a judge vested with judicial power" through a hearing and review process. *Id.* ¶ 31. This requires a demonstration "that the court in fact considered the objections and established the basis for the court's decision." *Id.* Further, the *Buffington* Court suggested that the basis of the decision would take the form of adopting, modifying, or rejecting the hearing officer's recommendations. *Id.* The court explained,

> The hearing officer assists the district court in determining the factual and legal issues, and the core judicial function is independently performed by the district judge. This procedure is implicit in the requirement of the Rule that "[a]ll orders must be signed by a district judge before the recommendations of a . . . hearing officer become effective."

*Id.* (quoting Rule 1-053.2(C) (1998)).

{13}     While the holding in *Buffington* required the district court to review and consider the recommendations of a domestic relations hearing officer and resulting

---

[2]Important to the court's holding in *Buffington* was that Rule 1-053.2 (1998) at issue in *Buffington* did not expressly require a district court to independently review the hearing officer's recommendations and consider objections. 2004-NMCA-092, ¶¶ 30-31; *see* Rule 1-053.2(C) NMRA (1998). The 2006, 2017, and current versions of Rule 1-053.2 do require the district court to review the hearing officer's recommendations and consider objections.

objections, there was no requirement that objections be considered in an in-person hearing. *Id.* ¶¶ 30-31.[3]

{14}    What is important and what is emphasized by both the *Buffington* Court and the Rule 1-053.2 committee commentary is that the district court give an independent review of the objections. There is nothing requiring that those objections be considered by an in-person hearing. The latter is consistent with the approach articulated by the Court of Appeals in *Nat'l Excess Ins. Co. v. Bingham* where it examined the district court's obligation to conduct a hearing in a summary judgement motion. 1987-NMCA-109, ¶ 9, 106 N.M. 325, 742 P.2d 537 ("In considering a motion for summary judgment, the court may, but is not required to, hold an oral hearing."). As long as each party can prepare objections and provide responses, and where notice has been properly given, then each party has been heard within the meaning of the underlying rule. *See id.* ¶ 10.

---

[3]In response to the *Buffington* opinion, this Court amended Rule 1-053.2 in 2006 to add provisions allowing a party the opportunity to present objections to a hearing officer's recommendations and requiring a district court to independently resolve those objections. *See* Rule 1-053.2 NMRA (2006) comm. cmt. Specifically, the 2006 amendment added that a district court "shall conduct a hearing" when resolving a party's objections. Rule 1-053.2(H)(1)(b) (2017) (using wording identical to the text of Rule 1-053.2 (H)(1)(b) (2006)).

{15} Policy considerations favoring judicial efficiency also lend support to this interpretation. *See Rawlings*, 2022-NMCA-013, ¶¶ 30, 35 (Bogardus, J., dissenting). It is well acknowledged that district courts have high domestic relations caseloads and often receive multiple objections to a hearing officer's recommendations. Further, the dissent noted that these delays may cause specific harm in the context of child custody issues and would "encourage gamesmanship among the parties." *Id.* Therefore, in consideration of the holding in *Buffington*, the history of Rule 1-053.2, and policy considerations, we hold that Rule 1-053.2 (2017) does not require an in-person hearing.

**2.      Additional Reasoned Basis Is Not Required Beyond That Established in *Buffington***

{16} The Court of Appeals majority held that the district court did not address the merits of Mother's objections and did not establish the basis for its decision in resolving the objections. *Rawlings*, 2022-NMCA-013, ¶ 24 (citing *Buffington*, 2004-NMCA-092, ¶ 31). The dissent agreed, stating, "[T]he district court must demonstrate that it reviewed the objections and arrived at a reasoned basis for its decision." *Rawlings*, 2022-NMCA-013, ¶ 31 (Bogardus, J., dissenting) (citing *Buffington*, 2004-NMCA-092, ¶ 31). However, the majority and concurring opinion read into Rule 1-053.2 a requirement for district courts that the Rule itself does not impose. While the record should reflect a reasoned basis for the decision, Rule 1-

11

053.2 (2017) does not specify how a district court must show that it derived its decision from a reasoned basis.

{17}    A hearing officer's role is to assist the court in managing its caseload through its recommendations. *Buffington*, 2004-NMCA-092, ¶ 31 ("The hearing officer assists the district court in determining the factual and legal issues."). If the Rule is read to require the district court to enter findings and conclusions in addition to those recommended by the hearing officer, such an interpretation would render the hearing officer's role meaningless. *See* Rule 1-053.2(A), (C) (2017); Rule 1-053.2 (2006) comm. cmt. Additionally, this interpretation would be extremely burdensome in cases like this in which a party's filing included over forty objections to the hearing officer's recommendations with additional evidence for the district court to consider. Therefore, we conclude that the district court's independent review and its decision to adopt, modify, or reject the hearing officer's recommendations in the final order reflects its reasoned basis and satisfies the standard established in *Buffington*.

**B.      The District Court Had Jurisdiction to Clarify the Record and Amend the Final Decree under Rule 1-060(A)**

{18}    We next address the jurisdictional issue presented when the district court clarified the record and amended the final decree after Mother's notice of appeal. Questions regarding a trial court's jurisdiction are reviewed de novo. *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300. When a notice of

12

appeal is filed after entry of a final judgment, a district court only retains jurisdiction to "deal with matters collateral to or separate from the issues resolved in the judgment." *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 42, 113 N.M. 231, 824 P.2d 1033. Rule 1-060(A) provides that a district court may correct "[c]lerical mistakes in judgments, orders, or parts of the record and errors therein arising from oversight or omission" while a case is on appeal. This includes correcting a technical error or ambiguous language. *See Britton v. Britton*, 1983-NMSC-084, ¶ 7, 100 N.M. 424, 671 P.2d 1135; *Century Bank v. Hymans*, 1995-NMCA-095, ¶ 16, 120 N.M. 684, 905 P.2d 722.

{19} In this case, the trial court clarified that it independently reviewed the record and that Mother's objections "were a disagreement with what [the hearing officer] ruled." The amended final decree also contained the district court judge's reasoned basis by stating that it "conducted an independent review" in adopting the hearing officer's recommendations. We conclude that the district court had jurisdiction to clarify the record and amend the final decree because the information clarified and amended was collateral to or separate from the issue on appeal, pursuant to Rule 1-060(A).

## IV.  CONCLUSION

{20}    In sum, Rule 1-053.2 (2017) does not require an in-person hearing. The district court provided its reasoned basis when it independently reviewed the record and adopted the hearing officer's recommendations in the final order. Further, the district court complied with Rule 1-060(A) and had jurisdiction to clarify the record and amend the final decree. Finally, we conclude Mother's due process arguments lack merit. Therefore, we reverse the Court of Appeals and affirm the district court.

{21}    **IT IS SO ORDERED.**

_____

**DAVID K. THOMSON, Justice**

**WE CONCUR:**

_____

**C. SHANNON BACON, Chief Justice**

_____

**MICHAEL E. VIGIL, Justice**

_____

**BRIANA H. ZAMORA, Justice**

**FRANCIS J. MATHEW, Judge, sitting by designation, dissenting**

14

**MATHEW, Judge (dissenting).**

{22}    The district court record is clear that the court did not conduct any hearing with respect to the Respondent's objections. Instead, the court relied on a "review of the record" and an "independent review of the recommendations . . . , and the objections filed and the response . . . ," and "made a determination that a hearing was not necessary . . . to resolve anything." *See maj. op.* ¶ 4. The district court's reading of Rule 1-053.2 (2017) NMRA (the Rule) ignores the clear wording and mandate of the Rule which provides in pertinent part:

> **District court proceedings**. After receipt of the recommendations of the domestic relations hearing officer, the court shall take the following actions:
>
> (1)    **Review of recommendations.**
>
> (a) The court shall review the recommendations of the domestic relations hearing officer and determine whether to adopt the recommendations.
>
> (b) If a party files timely, specific objections to the recommendations, *the court shall conduct a hearing* appropriate and sufficient to resolve the objections. *The hearing* shall consist of a review of the record unless the court determines that additional evidence will aid in the resolution of the objections.
>
> (c) The court shall make an independent determination of the objections.
>
> (d) The court may adopt the recommendations, modify them, reject them in whole or in part, receive further evidence, or recommit them to the domestic relations hearing officer with instructions.

15

> **(2)** **Findings and conclusions; entry of final order.** *After the hearing*, the court shall enter a final order. When required by Rule 1-052 NMRA, the court also shall enter findings and conclusions.

Rule 1-053.2(H) (2017) (emphasis added). Respondent filed specific objections to the recommendations of the domestic relations hearing officer ten days after the filing of the recommendations.

{23} The Rule references both "review" and "hearing" as two separate and different obligations of the district court. The district court's application of the Rule by only conducting a review violates the rules of statutory construction and makes the Rule's reference to "a hearing" superfluous.

> The principal objective in the judicial construction of statutes "is to determine and give effect to the intent of the legislature." We will construe the entire statute as a whole so that all the provisions will be considered in relation to one another. "Statutes must be construed so that no part of the statute is rendered surplusage or superfluous." The complement of the preceding rule is that we "will not read into a statute or ordinance language which is not there, particularly if it makes sense as written." We will not depart from the plain wording of a statute, unless it is necessary to resolve an ambiguity, correct a mistake or an absurdity that the Legislature could not have intended, or to deal with an irreconcilable conflict among statutory provisions.

*Regents of Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998-NMSC-020, ¶ 28, 125 N.M. 401, 962 P.2d 1236 (citations omitted). The Rule is not ambiguous as worded. By only performing the obligatory "review," the district court rendered the obligation to "conduct a hearing" superfluous.

{24} It is the job of the district court to conduct hearings in cases. Hearings are routine to the function of a district court. In dealing with the family relationship of parent and child, a concern about judicial resources, increased costs to litigants, and delay with easy disposition should not take precedence over the importance of the parent and child relationship.

{25} The importance of the parent and child relationship has been recognized by both this Court and the United States Supreme Court. "A parent's right in custody is constitutionally protected, and actions to terminate that right must be conducted with scrupulous fairness, including the providing of fair notice to the parent(s)." *Ronald A. v. State ex rel. Hum. Servs. Dep't*, 1990-NMSC-071, ¶ 3, 110 N.M. 454, 797 P.2d 243 (citation omitted); *see also In re Laurie R.*, 1988-NMCA-055, ¶ 22, 107 N.M. 529, 760 P.2d 1295 ("Procedural due process requires notice to each of the parties of the issues to be determined and opportunity to prepare and present a case on the material issues."). When the Children, Youth and Families Department sought to terminate the parental rights of a mother, this Court made the following observation.

> The Children's Code gives the court the authority to terminate the parental rights of an abusive or neglectful parent. However, because the right to raise one's child is a fundamental right protected by the Fourteenth Amendment to the United States Constitution, termination proceedings must be conducted in a constitutional manner. As such, a parent's legal relationship with his or her child cannot be severed without due process of law. Due process of law requires that termination proceedings be conducted with "scrupulous fairness" to the

17

parent. "*Procedural due process mandates that a person be accorded an opportunity to be heard at a meaningful time and in a meaningful manner.*"

*State ex rel. Children, Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 18, 133 N.M. 827, 70 P.3d 1266 (emphasis added) (citations omitted). In the case of *Stanley v. Illinois*, 405 U.S. 645 (1972), the United States Supreme Court addressed the constitutionality of depriving a parent of custody on the presumption that an unmarried father was not fit to raise his children. *Id.* at 646-47, 653. The Court acknowledged that a "[p]rocedure by presumption is always cheaper and easier than individualized determination," but it concluded that such consideration gave way to the determinative issues of competence and care. *Id.* at 656-57. In *Stanley*, the Court also described how it viewed the parent and child relationship.

> The Court has frequently emphasized the importance of the family. The rights to conceive and to raise one's children have been deemed "essential," "basic civil rights of man" and "(r)ights far more precious . . . than property rights." "It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ninth Amendment.

*Id.* at 651 (omission in original) (citations omitted). As written, the Rule protects the rights of the parents and the child by requiring a hearing when objections were made, but as interpreted and applied by the district court, the Rule would elevate

18

expediency and economy over the essential rights of the parties and their children in custody disputes.

{26}    For the foregoing reasons, I respectfully dissent, and I would affirm the Court of Appeals.

                                                _____

**FRANCIS J. MATHEW, Judge**
**Sitting by designation**