This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39988**

**JOSEPH MARTINEZ,**

Plaintiff-Appellant,

v.

**CIMARRON MUNICIPAL BOARD OF EDUCATION; SHANNON AGUILAR, in her official capacity as SUPERINTENDENT; and TEDDY SALAZAR, in his official capacity as MAINTENANCE DIRECTOR, and in his personal capacity,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Melissa A. Kennelly, District Court Judge**

Candelaria Law LLC
Jacob R. Candelaria
Albuquerque, NM

for Appellant

Coppler Law Firm, PC
Gerald A. Coppler
John L. Appel
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**BACA, Judge.**

{1}     Plaintiff Joseph Martinez filed a complaint for unlawful retaliation against Defendants Cimarron Municipal Schools Board of Education; Adan Estrada, the superintendent of the school district;[1] and Teddy Salazar, the maintenance director for the school district. The district court dismissed Plaintiff's complaint for failure to state a claim upon which relief can be granted. Because Plaintiff has chosen to advance his sole claim pursuant to the Workers' Compensation Act (WCA), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2017), we reverse and remand with instructions to dismiss for lack of jurisdiction.

{2}     Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

**DISCUSSION**

{3}     "A motion to dismiss for failure to state a claim . . . tests the legal sufficiency of the complaint." *Derringer v. State*, 2003-NMCA-073, ¶ 5, 133 N.M. 721, 68 P.3d 961. "In reviewing a [district] court's decision to grant a motion to dismiss under Rule 1-012(B)(6) NMRA . . . , we accept as true all facts properly pleaded." *Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, ¶ 2, 131 N.M. 272, 34 P.3d 1148. "A district court's decision to dismiss a case for failure to state a claim under Rule 1-012(B)(6) is reviewed de novo." *Walsh v. Montes*, 2017-NMCA-015, ¶ 6, 388 P.3d 262 (internal quotation marks and citation omitted). Additionally, "[w]e review de novo the underlying questions of statutory interpretation and application of the relevant statutory provisions to the facts alleged." *TexasFile LLC v. Bd. of Cnty. Comm'rs*, 2019-NMCA-038, ¶ 9, 446 P.3d 1173. Finally, "[q]uestions regarding a trial court's jurisdiction are reviewed de novo." *Rawlings v. Rawlings*, 2024-NMSC-008, ¶ 18, 548 P.3d 43.

{4}     Plaintiff's allegations against Defendant are straightforward. While employed as a maintenance and janitorial employee at Cimarron Elementary-Middle School, Plaintiff suffered work-related injuries. After Plaintiff made a workers' compensation claim for those injuries, Defendants began to retaliate against him and eventually terminated him. What is less clear is Plaintiff's legal theory.

{5}     Plaintiff attempts to craft a legal theory that will allow him to bring a claim pursuant to Section 52-1-28.2 of the WCA in the district court.[2] As we understand them, Plaintiff's arguments are premised on a misapplication of our Supreme Court's decision

---

[1]Adan Estrada retired from Cimarron Municipal Schools, effective June 30, 2023. Under Rule 12-301(C) NMRA, we have substituted the present superintendent, Shannon Aguilar, for Adan Estrada.
[2]We note that Plaintiff, both at the district court and before this Court, has expressly disclaimed having made any claims under the New Mexico Human Rights Act. Accordingly, we do not address his arguments related to the applicability of the New Mexico Human Rights Act.

in *Michaels v. Anglo American Auto Auctions, Inc.*, 1994-NMSC-015, 117 N.M. 91, 869 P.2d 279. We explain.

**{6}**     In *Michaels*, our Supreme Court answered "whether an employee who alleges that [they were] wrongfully discharged in retaliation for filing a workers' compensation action has a cause of action *independent from that set out in . . . Section 52-1-28.2*." *Michaels*, 1994-NMSC-015, ¶ 1 (emphasis added). Section 52-1-28.2 provides as follows:

> A.     An employer shall not discharge, threaten to discharge or otherwise retaliate in the terms or conditions of employment against a worker who seeks workers' compensation benefits for the sole reason that that employee seeks workers' compensation benefits.
>
> B.     Any person who discharges a worker in violation of Subsection A of this section shall rehire that worker pursuant to the provisions of the Workers' Compensation Act and the New Mexico Occupational Disease Disablement Law, provided the worker agrees to be rehired.
>
> C.     The director or a workers' compensation judge shall impose a civil penalty of up to five thousand dollars ($5,000) for each violation of the provisions of Subsection A or B of this section.
>
> D.     The civil penalty shall be deposited in the workers' compensation administration fund.

Through the enactment of Section 52-1-28.2, "the [L]egislature expressly set out the clear mandate" that the act of retaliatory discharge is a clear violation of public policy. *Michaels*, 1994-NMSC-015, ¶¶ 5-7. Recognizing that Section 52-1-28.2 was a "derogation of the common law" in that it provided limited remedies that did "not adequately compensate the wrong caused by the conduct," the Court concluded that aggrieved employees should not be subject to WCA exclusivity for claims of retaliatory discharge. *Michaels*, 1994-NMSC-015, ¶¶ 10-13. Instead, answering the question presented in the affirmative, the Court concluded that aggrieved employees should be permitted "access to existing common law remedies, including civil damages." *Id.* ¶ 14; *see id.* ¶ 1 ("We hold that plaintiff may assert a retaliatory discharge claim *independently of and in view of the policy set out by Section 52-1-28.2*." (emphasis added)); *Michaels*, 1994-NMSC-015, ¶ 15 ("A common law action for wrongful discharge in this context will effectuate statutory objectives and complement the legislative and administrative policies which undergird the workers' compensation laws." (internal quotation marks and citation omitted)).

**{7}**     Our Supreme Court's decision in *Michaels* made it clear that aggrieved employees could bring common law actions for retaliatory discharge *independent* of Section 52-1-28.2. Nevertheless, Plaintiff has repeatedly denied that the claim he

advances in this litigation arises from common law.[3] Instead, Plaintiff has consistently argued that his claim arises *under* Section 52-1-28.2. While Plaintiff is entitled to choose how to present his claims, *see The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon."), his choice here strips the district court of jurisdiction.

**{8}** Claims brought pursuant to the WCA are exclusively within the jurisdiction of the WCA. *See Jones v. Holiday Inn Express*, 2014-NMCA-082, ¶ 11, 331 P.3d 992 ("With its creation of the WCA, the Legislature gave the WCA *exclusive* jurisdiction over workers' compensation cases, removing these cases from the district court's jurisdiction." (emphasis added)). Nothing in *Michaels* changes that. *Michaels* simply allows an employee to rely on an existing cause of action—the tort of retaliatory discharge—free of the exclusivity bar of the WCA. Accordingly, we conclude that the district court did not have jurisdiction over the claim Plaintiff has chosen to advance. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915) ("[T]he plaintiff is absolute master of what jurisdiction [they] will appeal to.").

## CONCLUSION

**{9}** For these reasons, we reverse and remand to the district court for dismissal of Plaintiff's claims for lack of jurisdiction.

**{10}  IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

---

3To the extent that Plaintiff raises for the first time in his reply brief a claim that Section 52-1-28.2 or the Workers' Compensation Act in general waives sovereign immunity and allows a state employee to bring a tort action for retaliatory discharge in violation of Section 52-1-28.2 against his state employer, we decline to address this contention because it is raised for the first time in reply and is not adequately briefed. *See Villanueva v. Sunday Sch. Bd. of S. Baptist Convention*, 1995-NMCA-135, ¶ 26, 121 N.M. 98, 908 P.2d 791 ("[R]aising new issues in the reply brief, when it is too late for an appellee to respond to them, is insufficient to obtain a review of those issues."); *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65 (stating "the general rule is that we do not address issues raised for the first time in a reply brief"); *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)); *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("This Court requires that the parties adequately brief all appellate issues to include an argument, the standard of review, and citations to authorities for each issue presented."); *Id.* ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the part[y's] work for them.").

**JANE B. YOHALEM, Judge**